1  Steven C. Schroer (*pro hac vice*)
   Nicholas T. Peters (*pro hac vice*)
2  Ted S. P. Li (*pro hac vice*)
   FITCH, EVEN, TABIN & FLANNERY
3  120 South LaSalle Street, Suite 1600
   Chicago, IL 60603
4  Telephone: 312-577-7000
   Facsimile:  312-577-7007
5  E-mail:scschr@fitcheven.com
          ntpete@fitcheven.com
6          tli@fitcheven.com

7  Dion N. Cominos (SBN: 136522)
   Mark C. Russell (SBN: 208865)
8  GORDON & REES LLP
   275 Battery Street, Suite 2000
9  San Francisco, CA 94111
   Telephone:  415-986-5900
10 Facsimile:  415-262-3714
   E-mail:  dcominos@gordonrees.com
           mrussell@gordonrees.com
11

12 Attorneys for Defendants,
   James Novak and Attorney Yellow Pages.com LLC

13            UNITED STATES DISTRICT COURT

14         NORTHERN DISTRICT OF CALIFORNIA
              SAN FRANCISCO DIVISION
15

16 ADVICE COMPANY, a California        )
   corporation,                        )   Case No. 3:08-CV-01951-JCS
               Plaintiff,              )
17                                     )
           vs.                         )
18                                     )   **MEMORANDUM OF POINTS AND**
   JAMES NOVAK, an individual, and     )   **AUTHORITIES IN SUPPORT OF**
   ATTORNEY YELLOW PAGES.COM,          )   **DEFENDANTS' MOTION TO DISMISS**
19 LLC, an Arizona limited liability company,  )  **OR TRANSFER**
   and DOES 1-10,                      )
20            Defendants.              )   Date:   June 13, 2008
                                           Time:  9:30 a.m.
21                                         Room: A
                                           Judge:  Hon. Joseph C. Spero
22 _____      )
                                           Complaint Filed:  April 11, 2008
23

24

25

26 Memorandum In Support Of
   Defendants' Motion To Dismiss Or Transfer
   3:08-CV-01951-JCS

# TABLE OF CONTENTS

Page

I.     INTRODUCTION.................................................................................. 1

II.    STATEMENT OF FACTS .................................................................... 1

III.   THE COURT SHOULD DISMISS THE COMPLAINT IN THIS ACTION
       AGAINST DEFENDANTS BECAUSE THE COURT LACKS PERSONAL
       JURISDICTION OVER THEM.......................................................... 2

       A.    Applicable Law ................................................................... 2

       B.    The Court does not have general jurisdiction over Defendants ..................... 3

       C.    The Court does not have specific jurisdiction over Defendants ..................... 4

             1.   Defendants have not purposely availed themselves of the laws and
                  benefits of this forum so as to give rise to personal jurisdiction ......... 5

             2.   This cause of action does not arise out of Defendants' limited and
                  attenuated contacts ................................................................ 6

             3.   Exercising jurisdiction over Defendants would not be reasonable .... 8

                  i.     The extent of a defendant's purposeful interjection ............... 8

                  ii.    The burden on the defendant in defending in the
                         forum ............................................................................. 9

                  iii.   The extent of conflict with the sovereignty of the
                         defendant's state ........................................................... 9

                  iv.    The forum state's interest in adjudicating the dispute ........... 9

                  v.     The most efficient judicial resolution of the
                         controversy ...................................................................... 9

                  vi.    The importance of the forum to the plaintiff's interest
                         in convenient and effective relief ...................................... 10

                  vii.   The existence of an alternative forum ................................. 10

IV.    THE COURT SHOULD DISMISS THE COMPLAINT AGAINST
       DEFENDANTS BECAUSE THE NORTHERN DISTRICT OF
       CALIFORNIA IS NOT A PROPER VENUE FOR THIS ACTION ...................... 10

V.     IN THE ALTERNATIVE, THE COURT SHOULD TRANSFER THIS
       ACTION TO THE DISTRICT OF ARIZONA ......................................... 12

**A.   Transferring this action to the District of Arizona would be in the interests of justice**................................................................ 12

**B.   The over all convenience of the parties and witnesses also favor transferring this action to the District of Arizona** ............................. 13

**1.   Plaintiff's choice of forum does not weigh against transfer**.............. 14

**2.   Convenience of the Parties favor transfer** .......................... 14

**3.   Convenience of the witnesses favor transfer** ....................... 15

**4.   Ease of access to evidence favors transfer** ......................... 15

**VI.   CONCLUSION** ................................................................ 16

**EXHIBIT A – Declaration of James E. Novak in Support of Defendants' Motion to Dismiss or Transfer**

**EXHIBIT B – Order suspending TTAB cancellation proceeding**

1

# TABLE OF AUTHORITIES

2

Page

3

**Cases**

4

*B&B Hardware, Inc. v. Hargis Industries, Inc.*,
2006 U.S. Dist. LEXIS 96381

5

(N.D. Cal. December 4, 2006) ........................................................................ 11, 12, 13

6

*Chan v. Soc'y Expeditions, Inc.*,
39 F.3d 1398 (9th Cir. 1994) ......................................................................................... 3

7

*Cybersell, Inc. v. Cybersell, Inc.*,

8

130 F.3d 414 (9th Cir. 1997) ......................................................................................... 9

9

*DataSouth Computer Corp. v. Three Dimensional Techs., Inc.*,
719 F.Supp. 446 (W.D.N.C. 1989) .............................................................................. 11

10

*Dow Chem. Co. v. Calderon*,

11

422 F.3d 827 (9th Cir. 2005) ......................................................................................... 3

12

*Helicopteros Nacionales del Colombia v. Hall*,
466 U.S. 408 (1984) ....................................................................................................... 3

13

*Int'l Shoe Co. v. Washington*,
326 U.S. 310 (1945) .................................................................................................... 3, 4

14

15

*Jones v. GNC Franchising, Inc.*,
211 F.3d 495 (9th Cir. 2000) ....................................................................................... 10

16

*Multistate Legal Studies, Inc. v. Marino*,
1996 U.S. Dist. LEXIS 20752

17

(C.D. Cal. November 4, 1996) ..................................................................................... 11

18

*Pebble Beach Co. v. Michael Caddy*,
453 F.3d 1151 (9th Cir. 2006) .......................................................................... 3, 4, 5, 6, 7

19

*Shute v. Carnival Cruise Lines*,

20

897 F.2d 377 (9th Cir. 1990) ................................................................................... 3, 4, 5

21

*Stewart Org. v. Ricoh Corp.*,
487 U.S. 22 (1988) ....................................................................................................... 10

22

*Wiley v. Trendwest Resorts, Inc.*,
2005 U.S. Dist. LEXIS 38893

23

(N.D. Cal. August 9, 2005) .......................................................................................... 11

24

*Williams v. Canon, Inc.*,
432 F. Supp. 376 (C.D. Cal. 1977) ............................................................................... 5

25

26

*Wolf Designs, Inc. v. DHR & Co.*,
   322 F.Supp.2d 1065 (C.D. Cal. 2004) ................................................................. 7

*Ziegler v. Indian River County*,
   64 F.3d 470 (9th Cir. 1995) ................................................................................ 6

**Statutes**

28 U.S.C. § 1391 ........................................................................................... 1, 9, 10

28 U.S.C. § 1404(a) ..................................................................................... 1, 10, 11

28 U.S.C. § 1406(a) ............................................................................................ 10

**Rules**

Fed. R. Civ. P. 12(b)(2) .................................................................................. 1, 2, 14

Fed. R. Civ. P. 12(b)(3) ...................................................................................... 1, 14

**I.    INTRODUCTION{** TC "**I.    INTRODUCTION**" \f C \l "1" **}**

Defendants, James E. Novak and Attorney Yellow Pages.com, LLC (collectively "Defendants"), ask the Court, pursuant to Fed. R. Civ. P. 12(b)(2){ TA \l "Fed. R. Civ. P. 12(b)(2)" \s "Fed. R. Civ. P. 12(b)(2)" \c 4 **}** and (3){ TA \l "Fed. R. Civ. P. 12(b)(3)" \s "Fed. R. Civ. P. 12(b)(3)" \c 4 **}**, for an order dismissing this action filed by Advice Company ("Plaintiff"). Defendants do not have sufficient contacts with the State of California to warrant the exercise of personal jurisdiction over them.  Moreover, the Northern District of California is not a proper venue under 28 U.S.C. § 1391{ TA \l "28 U.S.C. § 1391" \s "1391" \c 2 **}**.  Therefore, this action should be dismissed for lack of personal jurisdiction and/or improper venue.

In the alternative, Defendants ask the Court, pursuant to 28 U.S.C. § 1404(a){ TA \l "28 U.S.C. § 1404(a)" \s "1404" \c 2 **}**{ TA \s "1404" **}**, to transfer this action to the District of Arizona for the convenience of the parties and witnesses and in the interests of justice.

**II.    STATEMENT OF FACTS{** TC "**II. STATEMENT OF FACTS**" \f C \l "1" **}**

Plaintiff is a California company that provides legal information services to the public as well as directory, marketing, lead generation, and client development services to lawyers. (Complaint, ¶ 3.)  Plaintiff claims the ownership of ATTORNEYPAGES, a mark registered on the Supplemental Register of the United States Patent and Trademark Office ("USPTO"). (Complaint, ¶ 9.)

Defendant Attorney Yellow Pages.com, LLC ("AYPC") is an Arizona limited liability company offering online business directories featuring attorneys.  (Declaration of James E. Novak in Support of Defendants' Motion to Dismiss or Transfer ("Ex. A"), ¶ 1.)  It operates a passive website with the domain name of www.attorneyyellowpages.com and generates its revenue primarily through advertisement agreements with attorneys and law firms for the placement of ads on its website.  (Ex. A,  ¶¶ 5 and 7.)    It also owns the ATTORNEYYELLOWPAGES.COM mark which is registered on the Supplemental Register

1  of the USPTO.  (Ex. A, ¶ 6.)  Defendant James E. Novak ("Mr. Novak") is the President of

2  AYPC.  (Ex. A, ¶ 1.)

3       On or about December 13, 2007, Plaintiff filed a petition with the Trademark Trial and

4  Appeal Board ("TTAB") to cancel AYPC's ATTORNEYYELLOWPAGES.COM mark.

5  (Complaint, ¶ 12.)   Plaintiff then filed this action, suspending the cancellation proceeding

6  before the TTAB.  (TTAB Order of Suspension ("Ex. B").)  Plaintiff now alleges trademark

7  infringement and related federal, state and common law claims against AYPC and Mr. Novak

8  individually over AYPC's use of the ATTORNEYYELLOWPAGES.COM mark and the

9  www.attorneyyellowpages.com domain.  (Complaint, ¶¶ 29-56.)

10       As detailed in Mr. Novak's supporting declaration, Defendants do not have sufficient

11  contacts with California to justify the exercise of personal jurisdiction over them in this Court.

12  Defendants do not reside in or do business in California.  (Ex. A, ¶¶ 4, 10, 13 and 14.)  The

13  www.attorneyyellowpages.com domain is a passive website.  (Ex. A, ¶ 5.)  AYPC's advertising

14  is concentrated in the state of Arizona, with some generalized advertising nationwide and with

15  negligible advertising within the state of California.  (Ex. A, ¶ 8.)  In fact, no sales have resulted

16  from the limited advertising in California and AYPC has not generated any revenue from

17  California attorneys.  (Ex. A, ¶¶ 8-10.)  Moreover, to defend this action in the Northern District

18  of California would cause Mr. Novak severe and unnecessary hardship.  (Ex. A, ¶¶ 15-18.)

19  **III.    THE COURT SHOULD DISMISS THE COMPLAINT IN THIS ACTION**
20  **AGAINST DEFENDANTS BECAUSE THE COURT LACKS PERSONAL**
    **JURISDICTION OVER THEM{ TC "III. THE COURT SHOULD**
    **DISMISS THE COMPLAINT IN THIS ACTION AGAINST**
21  **DEFENDANTS BECAUSE THE COURT LACKS PERSONAL**
    **JURISDICTION OVER THEM" \f C \l "1" }**

22       **A.    Applicable Law{ TC "A.    Applicable Law" \f C \l "2" }**

23       Pursuant to Fed. R. Civ. P. 12(b)(2){ TA \s "Fed. R. Civ. P. 12(b)(2)" }**Error! Bookmark not**

24  **defined.**, a court must dismiss a suit for lack of jurisdiction over the person.  The exercise of

25  personal jurisdiction over a nonresident defendant is tested by a two-part analysis:  (1) it must

26

satisfy the requirements of the applicable state long-arm statute and (2) it must comport with federal due process. *Chan v. Soc'y Expeditions, Inc.*, 39 F.3d 1398, 1404-5 (9th Cir. 1994){ TA \l "*Chan v. Soc'y Expeditions, Inc.*, 39 F.3d 1398 (9th Cir. 1994)" \s "Chan" \c 1 }.  California's long-arm statute allows courts to exercise jurisdiction to the limits of the Due Process Clause of the United States. *Dow Chem. Co. v. Calderon*, 422 F.3d 827, 831 (9th Cir. 2005){ TA \l "*Dow Chem. Co. v. Calderon*, 422 F.3d 827 (9th Cir. 2005)" \s "Dow Chem" \c 1 }.  Thus, the two-part analysis collapses into one question:  whether exercise of personal jurisdiction comports with due process. *Id.*{ TA \s "Dow Chem" }

In order for a court to exercise personal jurisdiction, due process requires a defendant to have sufficient minimum contacts with the forum state such that maintenance of the suite would not offend traditional notions of fair play and substantial justice. *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945){ TA \l "*Int'l Shoe Co. v. Washington*, 326 U.S. 310 (1945)" \s "Int'l Shoe" \c 1 }.  The nature and quality of the necessary contacts required vary depending up the type of personal jurisdiction asserted, either general or specific. *Shute v. Carnival Cruise Lines*, 897 F.2d 377, 380 (9th Cir. 1990){ TA \l "*Shute v. Carnival Cruise Lines*, 897 F.2d 377 (9th Cir. 1990)" \s "Shute" \c 1 }.  "When a defendant moves to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating that the court has jurisdiction over the defendant."  *Pebble Beach Co. v. Michael Caddy*, 453 F.3d 1151, 1154 (9th Cir. 2006){ TA \l "*Pebble Beach Co. v. Michael Caddy*, 453 F.3d 1151 (9th Cir. 2006)" \s "Pebble" \c 1 }.

**B.    The Court does not have general jurisdiction over Defendants**{ TC "**B.    The Court does not have general jurisdiction over Defendants**" \f C \l "2" }

Both Defendants reside in Arizona.  (Ex A, ¶¶ 4 and 14.)  General jurisdiction exists only when nonresident defendants have "substantial" or "systematic and continuous contact"

1  with the forum state. *Shute{* TA \s "Shute" *}*, 897 F.2d at 380. Such contacts must be so pervasive

2  as to justify the exercise of jurisdiction over the person in all matters. *Helicopteros Nacionales*

3  *del Colombia v. Hall*, 466 U.S. 408, 414 (1984){ TA \l "*Helicopteros Nacionales del Colombia*

4  *v.*                                                                                                    *Hall*,

5  466 U.S. 408 (1984)" \s "Helicopteros" \c 1 }.

6      AYPC is an Arizona limited liability company with no offices, employees, agents or

7  properties in California. (Ex. A, ¶ 4.) It generates its revenue from advertising agreements with

8  attorneys in Arizona, doing no business in California. (Ex. A, ¶¶ 9 and 10.) The only contact it

9  has ever had with California was in the form of negligible advertisements during a brief period

10  from November 2006 to March 2007. (Ex. A, ¶ 8.) It has not generated any revenue from these

11  advertisements. (Ex. A, ¶ 9.)

12      Similarly, Mr. Novak is also a resident of Arizona with no assets of any form in

13  California. (Ex. A, ¶ 14.) Mr. Novak, a practicing attorney, does not have any clients in

14  California and in fact, has not set foot in California for any reason within the last 23 years.

15  (Ex. A, ¶¶ 11 and 12.) It is clear that Defendants do not have "substantial" or "systematic and

16  continuous contact" with California. Thus, the Court cannot exercise general jurisdiction over

17  Defendants consistent with "traditional notions of fair play and substantial justice." *Int'l Shoe{*

18  TA \s "Int'l Shoe" *}*, 326 U.S. at 316.

19      **C.    The Court does not have specific jurisdiction over Defendants{** TC

20  "**C.    The Court does not have specific jurisdiction over Defendants**" \f C \l "2" **}**

21      If the nonresident defendants' activities within the forum are not sufficient to justify

22  general jurisdiction, the court may only assert personal jurisdiction as to a cause of action

23  specifically and directly arising out of the defendants' activities within the forum. *Shute{* TA \s

24  "Shute" *}*, 879 F.2d at 381. The Ninth Circuit has established a three-part test to determine

25  whether the court may exercise specific jurisdiction over the nonresident defendants: (1) the

26

defendants must perform an act or consummate a transaction by which they purposely avail themselves of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must arise out of or result from the defendants' forum related activities; and (3) the exercise of jurisdiction must be reasonable. *Pebble{* TA \s "Pebble" *} Beach Co.*, 453 F.3d at 1155. All three requirements must be satisfied in order to comport with due process. *Id.{* TA \s "Pebble" *}*

> **1.    Defendants have not purposely availed themselves of the laws and benefits of this forum so as to give rise to personal jurisdiction{** TC "**1.    Defendants have not purposely availed themselves of the laws and benefits of this forum so as to give rise to personal jurisdiction**" \f C \l "3" }

With respect to the first prong of the test, "purposeful availment" requires that the defendants purposefully avail themselves of the privilege of conducting activities within the forum, thereby invoking the benefits and protections of its laws. *Id.{* TA \s "Pebble" *}* The focus on defendants' affirmative conduct is "designed to ensure that the defendant is not haled into court as the result of random, fortuitous or attenuated contacts, or on account of the unilateral activities of third parties." *Shute{* TA \s "Shute" *}*, 897 F.2d at 381. Where, as is the case here, defendants object to personal jurisdiction, the burden is on the plaintiff to prove that personal jurisdiction is proper. *Pebble{* TA \s "Pebble" *} Beach Co.*, 453 F.3d at 1154. Plaintiff has not, and cannot, meet this burden.

In the Complaint, Plaintiff summarily alleges that "Defendants are doing business in California and in this District." (Complaint, ¶ 4.) However, as stated in the supporting declaration, Mr. Novak does not do any business in California, much less in this District. (Ex. A, ¶ 13.) Similarly, AYPC also does not do any business in California and instead, generates its revenue from attorneys and law firms in Arizona only. (Ex. A, ¶¶ 9 and 10.)

The Complaint also asserts that Defendants are soliciting business in this district. (Complaint, ¶ 2.) Plaintiff then proceeds to allege only that "Defendants are promoting their

1  competitive services under the [ATTORNEYYELLOWPAGES.COM mark] throughout the

2  United States, on the internet by utilizing the [www.attorneyyellowpages.com] Domain Name,

3  and elsewhere." (Complaint, ¶ 16.) However, the use of a passive website such as

4  www.attorneyyellowpages.com does **not** constitute purposeful availment. *Pebble{* TA \s "Pebble"

5  *} Beach Co.*, 453 F.3d at 1158. AYPC's generalized nationwide advertising efforts, including

6  the fact that a very small number of random attorneys in California may have received an

7  advertisement mailing that was sent out to thousands of attorneys nationwide, also do not

8  satisfy the purposeful availment test. *See*, *e.g.*, *Williams v. Canon, Inc.*, 432 F. Supp. 376, 380

9  (C.D. Cal. 1977){ TA \l "*Williams v. Canon, Inc.*,

10  432 F. Supp. 376 (C.D. Cal. 1977)" \s "Williams" \c 1 } (national advertising insufficient to

11  establish purposeful availment). Similarly, the placement of a single magazine ad that only

12  appeared in two issues, should not be considered to satisfy the purposeful availment test,

13  especially given the fact that AYPC has not entered into **any** advertising agreements with

14  California attorneys nor has it generated **any** revenue from California attorneys. (Ex. A, ¶¶ 9

15  and 10.) It is clear that AYPC's advertising efforts have not led to "the transaction of business"

16  so as to satisfy the purposeful availment test. Likewise, Mr. Novak does not do any business in

17  California, much less this District, and in fact, hasn't even traveled to California in 23 years.

18  (Ex. A, ¶¶ 11 and 12.) Thus, Plaintiff has not and cannot satisfy the first requirement for

19  exercising specific jurisdiction over Defendants. Therefore, the Court should grant Defendants'

20  motion to dismiss.

21

22          **2.      This cause of action does not arise out of Defendants' limited
                       and attenuated contacts**
                { TC "**2.   This cause of action does not arise out of Defendants' limited
23                      and attenuated contacts**" \f C \l "3" }

24          The second requirement for specific jurisdiction is that the contacts constituting

25  purposeful availment must be the ones that give rise to the current suit. *Pebble{* TA \s "Pebble" *}*

26  *Beach Co.*, 453 F.3d at 1155. Plaintiff cannot meet this requirement because, as discussed

above, Defendants did not have sufficient contacts that constitute "purposeful availment." Additionally, this action does not arise out of any contacts between Defendants and the state of California.

According to the Complaint, Plaintiff filed an application with the USPTO on September 22, 2006 to move the ATTORNEYPAGES mark from the Supplemental Register to the Principal Register.  (Complaint, ¶ 11.)   It was only after the USPTO cited the ATTORNEYYELLOWPAGES.COM mark in its rejection of Plaintiff's application that Plaintiff decided to act against Defendants, resulting in the current action filed before the Court. (Complaint, ¶ 11.)  Thus, it is obvious that this action arose out of the USPTO's rejection of Plaintiff's application, not whatever limited and attenuated contacts Defendants may have with California.   Moreover, the Ninth Circuit has instructed that courts must measure this requirement in terms of "but for" causation, *i.e.*, but for the alleged contacts, the cause of action would not have arisen.  *See Ziegler v. Indian River County*, 64 F.3d 470, 474 (9th Cir. 1995){ TA          \l          "*Ziegler          v.          Indian          River          County*, 64 F.3d 470 (9th Cir. 1995)" \s "Ziegler" \c 1 }.

Plaintiff alleges various trademark related claims, basing them on AYPC's used of its www.attorneyyellowpages.com website and related advertising.  (Complaint, ¶¶ 29-56.)   The Complaint specifically alleges that "Defendants are promoting their competitive services under the [ATTORNEYYELLOWPAGES.COM mark] *throughout the United States*, on the internet by utilizing the [www.attorneyyellowpages.com domain name], and elsewhere."  (Complaint, ¶ 16) (emphasis supplied).   Thus, Plaintiff does not base its claims on any limited and attenuated contacts Defendants may have with the state of California.  But for such contacts, Plaintiffs' cause of action, *i.e.* infringement of a federally registered trademark, would still arise simply based the alleged infringement actions that occurred solely within the state of Arizona, regardless of the lack of any actual merit to Plaintiffs' claims.  For the foregoing reasons,

1    Plaintiff has not and cannot satisfy the second requirement for exercising specific jurisdiction

2    over Defendants and therefore, the Court should grant Defendants' motion to dismiss.

3

4            **3.**        **Exercising jurisdiction over Defendants would not be reasonable{** TC "**3.**      **Exercising jurisdiction over Defendants would not be reasonable**" \f C \l "3" **}**

5

6           The third requirement for specific jurisdiction is reasonableness.  *Pebble{* TA \s "Pebble" *}*

7    *Beach Co.*, 453 F.3d at 1155.  In addressing the question of reasonableness, the Ninth Circuit

8    must balance seven factors, none of which is dispositive in and of itself.  *Wolf Designs, Inc. v.*

9    *DHR & Co.*, 322 F.Supp.2d 1065, 1071 (C.D. Cal. 2004){ TA \l "*Wolf Designs, Inc. v. DHR &*

10   *Co.*,

11   322 F.Supp.2d 1065 (C.D. Cal. 2004)" \s "Wolf" \c 1 **}**.  Overall, these factors plainly call for the

12   Court to decline to exercise personal jurisdiction over Defendants.

13           **i.**        **The extent of a defendant's purposeful interjection{** TC

14   "**i.**        **The extent of a defendant's purposeful interjection**" \f

15   C \l "4" **}**

16          Any "purposeful interjection" by AYPC is, at most, *de minimus*.  As discussed above,

17   AYPC's nationwide advertisements were exactly that: nationwide.  A tiny fraction of random

18   mailings out of thousands that were sent throughout the country over a period of a few months

19   back in early 2007 certainly cannot be considered extensive.  (Ex. A, ¶ 8.)  Similarly, a single

20   ad that only ran in two issues of a magazine over a year ago also cannot be considered

21   extensive.  (Ex. A, ¶ 8.)  The extent of "purposeful interjection," or more accurately the lack

22   thereof, is evidenced by the fact that no sales resulted from those advertisements, AYPC has not

23   entered into any advertising agreements with California attorneys, and has only received

24   revenue from Arizona attorneys.  (Ex. A, ¶¶ 9 and 10.)  Concerning Mr. Novak, he has not even

25   visited California in 23 years.  (Ex. A, ¶ 12.)  This factor clearly favors Defendants.

26

ii.     **The burden on the defendant in defending in the forum{** TC

"**ii.     The burden on the defendant in defending in the forum**" \f C \l "4" **}**

Requiring Mr. Novak to defend this action in San Francisco would place a great burden on him, his family and his legal practice.  Mr. Novak is the sole caretaker of his disabled wife and must also manage a heavy and often unpredictable criminal case load.  (Ex. A., ¶¶ 15-18.)  Additionally, both Mr. Novak and AYPC reside in Arizona, with no offices, employees or assets in California.  (Ex. A, ¶¶ 4 and 14.)  This factor heavily favors Defendants.

iii.     **The extent of conflict with the sovereignty of the defendant's state**
**{** TC "**iii.     The extent of conflict with the sovereignty of the defendant's state**" \f C \l "4" **}**

As to the third factor, this Court's exercise of jurisdiction over Defendants will necessarily conflict with the sovereignty of Defendant's state, the state of Arizona.  In addition to its federal claims, Plaintiff also asserts various California state claims, including a claim for Unfair Competition under California common law.  (Complaint, ¶¶ 51-54.)  Given Arizona's separate and independent courts with their unique lines of cases and precedents, such a claim inherently conflicts with Arizona's sovereignty.  Therefore, this factor also favors Defendants.

iv.     **The forum state's interest in adjudicating the dispute{** TC "**iv.**

**The forum state's interest in adjudicating the dispute**" \f C \l "4" **}**

Regarding the fourth factor, Plaintiff may argue that California has an interest in adjudicating this dispute simply because Plaintiff is a resident of California.  However, such interest is limited by the fact that Defendants only have the most limited and attenuated contacts with California.  As noted previously, AYPC does not make any money from any California attorney.  Furthermore, Plaintiffs' claims necessarily revolve around Defendants' alleged acts of infringement, all of which took place in Arizona.  Thus, this factor is neutral.

v.     **The most efficient judicial resolution of the controversy{** TC

"**v.     The most efficient judicial resolution of the controversy**" \f C \l "4" **}**

1    The District of Arizona would more efficiently resolve this dispute.  Defendants reside

2    in  Arizona  and  most,  if  not  all,  of  the  evidence  related  to  Defendants'  alleged  acts  of

3    infringement would also be Arizona.  Consequently, this factor also favors Defendants.

4

5    **vi.    The importance of the forum to the plaintiff's interest in convenient and effective relief**{ TC "**vi.    The importance of the forum to the plaintiff's interest in convenient and effective relief**" \f C \l "4" }

6

7    Since  the  District  of  Arizona  is  likely  to  be  more  efficient  overall,  it  should  not

8    adversely affect Plaintiff's interest in convenient and effective relief.  Therefore, this factor

9    favors Defendants, or is at worst neutral.

10    **vii.    The existence of an alternative forum**{ TC "**vii.    The existence of an alternative forum**" \f C \l "4" }

11

12    Given the fact that Defendants both reside in Arizona, there can be no dispute that the

13    District of Arizona is an available forum.  Thus, this factor plainly favors Defendants.

14    Based on a balance of the *Cybersell, Inc. v. Cybersell, Inc.*, 130 F.3d 414 (9th Cir.

15    1997){    TA    \l    "*Cybersell,    Inc.    v.    Cybersell,    Inc.*,

16    130 F.3d 414 (9th Cir. 1997)" \s "Cybersell" \c 1 } factors, it simply would not be reasonable for

17    this Court to exercise specific jurisdiction over Defendants.

18    **IV.    THE  COURT  SHOULD  DISMISS  THE  COMPLAINT  AGAINST DEFENDANTS  BECAUSE  THE  NORTHERN  DISTRICT  OF CALIFORNIA IS NOT A PROPER VENUE FOR THIS ACTION**{ TC "**IV. THE  COURT  SHOULD  DISMISS  THE  COMPLAINT  AGAINST DEFENDANTS  BECAUSE  THE  NORTHERN  DISTRICT  OF CALIFORNIA IS NOT A PROPER VENUE FOR THIS ACTION**" \f C \l "1" }

19

20

21

22    An  action  in  federal  court  must  comply  with  the  venue  requirements  set  forth  in

23    28 U.S.C. § 1391{ TA \s "1391" }.  Plaintiff's allege federal question claims against Mr. Novak,

24    an  individual,  and  AYPC,  a  limited  liability  company.    Therefore,  venue  with  respect  to

25

26

1    Mr. Novak is governed by 28 U.S.C. § 1391{ TA \s "1391" }(b) and venue with respect to AYPC

2    is governed by 28 U.S.C. § 1391{ TA \s "1391" }(b) and (c).

3         As a limited liability company, AYPC may be deemed to reside in the Northern District

4    of California for venue purposes only if it is subject to personal jurisdiction in this particular

5    district or if the Court finds that AYPC is both subject to personal jurisdiction within the state

6    of California and also have the most significant contacts with this district.  28 U.S.C. § 1391{

7    TA \s "1391" }(c).  As discussed previously, AYPC is not subject to personal jurisdiction in the

8    state of California, much less in the Northern District of California in specifically.  However,

9    even if the Court does hold that personal jurisdiction is proper in the state of California, there is

10   no evidence that AYPC's "most significant contacts" giving rise to personal jurisdiction were

11   with the Northern District of California as opposed to any of the other districts in this state.

12   Because AYPC may not be deemed to reside in this district, venue is not proper under

13   28 U.S.C. § 1391{ TA \s "1391" }(b)(1).  Nor is venue proper under 28 U.S.C. § 1391{ TA \s "1391"

14   }(b)(2) since the events giving rise to Plaintiff's claims occurred essentially entirely in Arizona.

15   At most only negligible events, if any, may be considered to have occurred in this district.

16   Lastly, AYPC does not have any offices, employees, agents or properties in this district.

17   (Ex. A, ¶ 4.)  Therefore, this venue is not proper under 28 U.S.C. § 1391{ TA \s "1391" }(b)(3).

18        Similarly, Mr. Novak does not reside in the Northern District of California.  Therefore,

19   this venue is not proper under 28 U.S.C. § 1391{ TA \s "1391" }(b)(1).  Nor is this venue proper

20   under 28 U.S.C. § 1391{ TA \s "1391" }(b)(2) as discussed above.  Lastly, Mr. Novak does not

21   own any assets or properties in this district and in fact, has not set foot in the state of California

22   in 23 years.  (Ex. A, ¶¶ 12 and 14.)  Thus, this venue is not proper under 28 U.S.C. § 1391{ TA

23   \s "1391" }(b)(3) either.

24

25

26

1    Because the Northern District of California is not a proper forum for this case, the Court

2    should dismiss this action pursuant to 28 U.S.C. § 1406(a){ TA \l "28 U.S.C. § 1406(a)" \s "1406"

3    \c 2 }.

4

**V.    IN THE ALTERNATIVE, THE COURT SHOULD TRANSFER THIS
5         ACTION TO THE DISTRICT OF ARIZONA{ TC "V.    IN          THE
         ALTERNATIVE, THE COURT SHOULD TRANSFER THIS ACTION
6         TO THE DISTRICT OF ARIZONA" \f C \l "1" }**

7         Under 28 U.S.C. § 1404{ TA \s "1404" }(a), "[f]or the convenience of the parties and

8    witnesses, in the interest of justice, a district court may transfer any civil action to any other

9    district or division where it might have been brought."  The Court has "broad discretion to

10   adjudicate motions for transfer according to an individualized, case-by-case consideration of

11   convenience and fairness."  *Jones v. GNC Franchising, Inc.*, 211 F.3d 495 (9th Cir. 2000){ TA \l

12   "*Jones           v.           GNC           Franchising,           Inc.*,

13   211 F.3d 495 (9th Cir. 2000)" \s "Jones" \c 1 } *quoting Stewart Org. v. Ricoh Corp.*, 487 U.S. 22,

14   30     (1988){     TA     \l     "*Stewart     Org.     v.     Ricoh     Corp.*,

15   487 U.S. 22 (1988)" \s "Stewart" \c 1 }.  There is no question that Plaintiff could have brought this

16   action in the District of Arizona, where Defendants reside.  As shown below, the convenience

17   of parties and witnesses favor transferring this action to the District of Arizona, and to do so

18   would also serve the interests of justice.

19

**A.    Transferring this action to the District of Arizona would be in the
20        interests of justice{ TC "A.    Transferring this action to the District
         of Arizona would be in the interests of justice" \f C \l "2" }**

21        The "interests of justice" consideration is the most important factor a court must

22   consider.  *Wiley v. Trendwest Resorts, Inc.*, 2005 U.S. Dist. LEXIS 38893, *9 (N.D. Cal.

23   August     9,     2005){     TA     \l     "*Wiley     v.     Trendwest     Resorts,     Inc.*,

24   2005          U.S.          Dist.          LEXIS          38893

25   (N.D. Cal. August 9, 2005)" \s "Wiley" \c 1 }.  Courts have repeatedly held that "a change of

26

1  venue from a forum where there is a difficult question of personal jurisdiction or venue to a

2  district where there are not such uncertainties serves the interest of justice." *Multistate Legal*

3  *Studies, Inc. v. Marino*, 1996 U.S. Dist. LEXIS 20752, *33 (C.D. Cal. November 4, 1996){ TA \l

4  "*Multistate          Legal          Studies,          Inc.          v.          Marino*,

5  1996          U.S.          Dist.          LEXIS          20752

6  (C.D. Cal. November 4, 1996)" \s "Multistate" \c 1 } *citing DataSouth Computer Corp. v. Three*

7  *Dimensional Techs., Inc.*, 719 F.Supp. 446 (W.D.N.C. 1989){ TA \l "*DataSouth Computer Corp.*

8  *v.          Three          Dimensional          Techs.,          Inc.*,

9  719 F.Supp. 446 (W.D.N.C. 1989)" \s "DataSouth" \c 1 }.  In light of Defendants' instant motion,

10  there are, at the very least, substantial questions as to whether Defendants are subject to

11  personal jurisdiction in California and whether venue is proper in the Northern District of

12  California.  Consequently, a transfer would serve the interest of justice.

13

14  **B.    The over all convenience of the parties and witnesses also favor transferring this action to the District of Arizona**{ TC "**B.    The over all convenience of the parties and witnesses also favor transferring this action to the District of Arizona**" \f C \l "2" }

15

16      "There are a large number of factors that courts have considered in weighing the

17  propriety of a § 1404{ TA \s "1404" }(a) transfer … ."  *B&B Hardware, Inc. v. Hargis Industries,*

18  *Inc.*, 2006 U.S. Dist. LEXIS 96381, *10 (N.D. Cal. December 4, 2006){ TA \l "*B&B Hardware,*

19  *Inc.          v.          Hargis          Industries,          Inc.*,

20  2006          U.S.          Dist.          LEXIS          96381

21  (N.D. Cal. December 4, 2006)" \s "B&B" \c 1 }.  The role of the court is to "interpret these factors

22  broadly, and to apply them to the particular facts of each individual case."  *Id.*{ TA \s "B&B" }

23  (citation omitted).  The facts of the present action closely parallel those in *B&B*{ TA \s "B&B" }

24  *Hardware*, another case that involved allegations of trademark infringement.  There, the court

25  considered the plaintiff's choice of forum, convenience of the parties, convenience of the

26

1  witnesses and ease of access to evidence, and found that they all favored transferring the action

2  to the defendants' home state.  *See id.{* TA \s "B&B" *}* at *10-17.  Similar to *B&B{* TA \s "B&B" *}*

3  *Hardware*, the facts in this action also favor transfer to Defendants' home state, Arizona.

4         1.      **Plaintiff's choice of forum does not weigh against transfer{** TC "**1.**

5         **Plaintiff's choice of forum does not weigh against transfer**" \f C \l "3" **}**

6         Though Plaintiff presumably prefers to try this matter in the Northern District of

7  California, as evidenced by it choosing to file this action before this Court, such preference is

8  entitled only to minimal consideration given Defendants' lack of contacts with California and

9  the fact that the operative facts underlying Plaintiff's allegations occurred in Arizona.  *See Id.{*

10 TA \s "B&B" *}* at 10-12.  In *B&B{* TA \s "B&B" *}* *Hardware*, the plaintiff alleged trademark

11 infringement against defendants whose "gross sales occurred in and around Arkansas" and only

12 had 0.1% of customers and 2% of sales revenue from the state of California.  *Id.{* TA \s "B&B" *}*

13 at 11-12.  The court held that

14         Although Plaintiff chose this forum, the tenuous relationship between this forum

15         and the events giving rise to Plaintiff's claim, leads the Court to attach minimal

16         weight to Plaintiff's choice.  Rather, the Court finds that, because Defendant's

17         allegedly infringing behavior was centralized in and around Arkansas, this factor

18         weights in favor of transferring the case to that forum.

19 *Id.{* TA \s "B&B" *}* at 12.

20         Analogous to *B&B{* TA \s "B&B" *}* *Hardware*, Defendants' allegedly infringing behavior

21 was centralized in and around Arizona.  (Ex. A, ¶¶ 8 and 9).  Moreover, Defendants do not have

22 *any* customers or sales revenue from California.  (Ex. A, ¶¶ 9 and 10.)  Therefore, this factor

23 weighs in favor of transferring the case to Arizona.

24         2.      **Convenience of the Parties favor transfer{** TC "**2. Convenience of the**

25 **Parties favor transfer**" \f C \l "3" **}**

26

When evaluating the convenience of the parties in an infringement action, more weight is given to the convenience of the defendants. "This is because the operative facts in infringement cases usually relate to the design, development and production of an infringing product." *Id.{* TA \s "B&B" *}* at 13 (quotation omitted). Thus, "the most appropriate forum for an infringement action is in the district where the activities of the alleged infringer – not those of the plaintiff – occurred." *Id.*{ TA \s "B&B" }

Similar to the defendants in *B&B Hardware*, AYPC's administrative headquarters, employees, and business records are all located in the state of Arizona and Defendants conduct "substantial business," or in the instant case, ***all*** of their business, in Arizona. *See id.* at 13-14. Additionally, Mr. Novak would suffer severe hardship to his family as well has his law practice if he is forced to defend this action in the Northern District of California. (Ex. A, ¶¶ 15-18). Therefore, this factor also weighs in favor of transfer to Arizona.

**3.      Convenience of the witnesses favor transfer**{ TC "**3.      Convenience of the witnesses favor transfer**" \f C \l "3" }

Based on Plaintiff's allegations of trademark infringement, Defendants' witnesses will likely include Mr. Novak, President of AYPC, as well as AlphaGraphics, a business located in Arizona that designed and printed all of AYPC's advertising material. (Ex. A, ¶ 8.) Also, as discussed previously, all of AYPC's customers are located in Arizona, with none in California. (Ex. A, ¶¶ 9 and 10.) "Customers and potential customers of the parties are the most relevant third party witnesses as it is their confusion which provides the fundamental basis for Plaintiff's infringement claims." *B&B*{ TA \s "B&B" } *Hardware* at *16. Therefore, as the court found in *B&B*{ TA \s "B&B" } *Hardware*, this factor weighs in favor of transfer. *Id.{* TA \s "B&B" *}* at 16-17.

**4.      Ease of access to evidence favors transfer**{ TC "**4.      Ease   of   access   to   evidence favors transfer**" \f C \l "3" }

1    "[T]he most relevant evidence to Plaintiff's claims is derived from Defendant's

2    allegedly infringing business activity."  *Id.{* TA \s "B&B" *}* at 17.  All of the evidence regarding

3    AYPC's business, marketing and sales are located in Arizona since that is where AYPC is

4    located, where all of its records are kept and also where all of its revenue is generated.  (Ex. A,

5    ¶¶ 4 and 9.)  Thus, this factor also weighs in favor of transfer.

6    Because all of the factors weigh in favor of Defendants, the Court should transfer this

7    action to the District of Arizona.

8    **VI.    CONCLUSION**{ TC "**VI.    CONCLUSION**" \f C \l "1" }

9    This action should be dismissed under Rule 12(b)(2){ TA \s "Fed. R. Civ. P. 12(b)(2)" } for

10   lack of personal jurisdiction over Mr. Novak and AYPC.  This action should also be dismissed

11   under Rule 12(b)(3){ TA \s "Fed. R. Civ. P. 12(b)(3)" }**Error! Bookmark not defined.** for improper

12   venue.  Alternatively, this action should be transferred to the District of Arizona because that is

13   where Defendants reside and all of the relevant factors support the appropriateness of the

14   requested transfer.  Accordingly, Defendants respectfully request that this Court grant their

15   motions to dismiss or transfer.

16

17

18

19

20

21

22

23

24

25

26

Memorandum of Points and Authorities In Support Of
Defendants' Motion To Dismiss Or Transfer                                                    16
3:08-CV-01951-JCS

1  Dated:____May 5, 2008_____    s/___Mark C. Russell_____
                                        Steven C. Schroer (*pro hac vice*)
2                                       Nicholas T. Peters (*pro hac vice*)
                                        Ted S. P. Li (*pro hac vice*)
3                                       FITCH, EVEN, TABIN & FLANNERY
                                        120 South LaSalle Street, Suite 1600
4                                       Chicago, IL  60603
                                        Telephone:  312-577-7000
5                                       Facsimile:  312-577-7000

6
                                        Dion N. Cominos (SBN: 136522)
7                                       Mark C. Russell (SBN: 208865)
                                        GORDON & REES LLP
8                                       275 Battery Street, Suite 2000
                                        San Francisco, CA 94111
9                                       Telephone:  415-986-5900
                                        Facsimile:  415-262-3714
10
                                        *Attorneys for Defendants,*
11                                      *James Novak and Attorney Yellow Pages.com*

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26
Memorandum of Points and Authorities In Support Of
Defendants' Motion To Dismiss Or Transfer                                        17
3:08-CV-01951-JCS

# EXHIBIT A

1 | Steven C. Schroer (*pro hac vice*)
  | Nicholas T. Peters (*pro hac vice*)
2 | Ted S. P. Li (*pro hac vice*)
  | FITCH, EVEN, TABIN & FLANNERY
3 | 120 South LaSalle Street, Suite 1600
  | Chicago, IL 60603
4 | Telephone: 312-577-7000
  | Facsimile: 312-577-7007
5 | E-mail: scschr@fitcheven.com
  |      ntpete@fitcheven.com
6 |      tli@fitcheven.com

7 | Dion N. Cominos (SBN 136522)
  | Mark C. Russell (SBN 208865)
8 | GORDON & REES LLP
  | 275 Battery Street, Suite 2000
9 | San Francisco, CA 94111
  | Telephone: 415-986-5900
10 | Facsimile: 415-262-3714
  | E-mail: dcominos@gordonrees.com
11 |      mrussell@gordonrees.com

12 | Attorneys for Defendants,
  | James Novak and Attorney Yellow Pages.com LLC
13

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| ADVICE COMPANY, a California corporation,<br><br>        Plaintiff,<br><br>  vs.<br><br>JAMES NOVAK, an individual, and ATTORNEY YELLOW PAGES.COM, LLC, an Arizona limited liability company, and DOES 1-10,<br>        Defendants. | Case No. 3:08-CV-01951-JCS<br><br>**DECLARATION OF JAMES E. NOVAK IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS OR TRANSFER** |

I, James E. Novak, do hereby declare:

1.    I am the President of Attorney Yellow Pages.com, LLC ("AYPC"), an Arizona limited liability company offering online business directories featuring attorneys.

2.    I have personal knowledge of the matters set forth herein.

Declaration of James E. Novak in Support of
Defendants' Motion to Dismiss or Transfer
Case No. 3:08-CV-0195-JCS

1

3.    I make this declaration in support of Defendants James Novak and AYPC's motion to dismiss the Complaint in this matter for lack of personal jurisdiction and for improper venue, or, in the alternative, to transfer venue.

4.    AYPC is a limited liability company incorporated under the laws of the State of Arizona. AYPC resides in Arizona and does not have any offices, employees, agents or properties in California. AYPC's administrative headquarters and business records are all located in Arizona.

5.    AYPC provides online business directories that feature attorneys and law firms throughout the nation in a variety of practice areas. These directories take the form of a passive website accessed through http://www.attorneyyellowpages.com. This website lists the contact information, *i.e.* name, address and telephone number, of various attorneys and law firms from all fifty states as well as the District of Columbia.

6.    AYPC also owns the ATTORNEYYELLOWPAGES.COM mark registered on the Supplemental Register of the USPTO.

7.    AYPC generates revenue primarily through agreements with attorneys or law firms to the place their advertisements on AYPC's web pages.

8.    AYPC has engaged in widespread advertising of its business through a variety of channels. All of the advertising materials were designed and printed by AlphaGraphics within the state of Arizona. The bulk of the advertising has taken place within the state of Arizona through ads on a local Arizona news website, vendor booths at Arizona State Bar seminars, and advertisements in the Arizona Attorney magazine publication. AYPC has also engaged in internet advertising efforts in the form of banner and link ads, as well as randomized mailings to attorneys and law firms throughout the nation. Out of the approximately 4000 mailings sent out nationwide between November 2006 and March 2007, less than 7% percent were sent to random attorneys or law firms located in California. No sales have resulted from these

Declaration of James E. Novak in Support of
Defendants' Motion to Dismiss or Transfer
Case No. 3:08-CV-0195-JCS

2

1  mailings. Besides those random mailings, the only other advertising for AYPC within

2  California was the placement of a single ad in the February and April, 2007 issues of the Los

3  Angeles Lawyer magazine publication. Again, no sales have resulted from those ads. There

4  has been no other advertising for AYPC within the state of California.

5       9.     As stated previously, AYPC's primary source of revenue is from advertising

6  agreements with attorneys or law firms for the placement of their advertisements on AYPC's

7  website. AYPC has never entered into any such agreement with any California attorney or law

8  firm. AYPC does not and has not received any revenue whatsoever from any California

9  attorney or law firm. In fact, all of AYPC's revenue is generated from within the state of

10  Arizona.

11       10.     AYPC does not do business with attorneys or law firms anywhere within

12  California, including the Northern District of California. All of AYPC's business is done in the

13  state of Arizona.

14       11.     In addition to being the President of AYPC, I am also a practicing attorney. I do

15  not have any clients in California and I do not practice law in California. My practice is solely

16  within the state of Arizona.

17       12.     In fact, I have never once traveled to the state of California for any reason in the

18  past 23 years. The last time I was in California was 1985, when I was stationed at Camp

19  Pendleton during my service in the United States Marine Corps.

20       13.     I do not do business anywhere in California, including the Northern District of

21  California. All of my business is done in the state of Arizona and I do not receive any income

22  from California.

23       14.     I am domiciled and reside within Arizona and I do not own any assets in the

24  State of California, including real estate or personal property.

25

26  Declaration of James E. Novak in Support of
Defendants' Motion to Dismiss or Transfer
Case No. 3:08-CV-0195-JCS

     3

1    15.    It would be a severe hardship to my family and my law practice if I were

2    compelled to defend this lawsuit in the Northern District of California, with the attendant

3    requirements for me to fly to San Francisco for proceedings, depositions, etc.

4    16.    I am a sole practitioner in the field of criminal law and carry a very heavy

5    caseload. The nature of my practice requires me to attend court on a daily basis and to spend

6    my early mornings, late evenings, and weekends meeting with clients and catching up with

7    motions. Moreover, I retain new clients on an almost daily basis and so any additional time

8    away is likely to lead to a direct loss of income.

9    17.    Most importantly, I am the sole caretaker for my wife, who suffers from total

10   disability. She has been hospitalized multiple times and has had to undergo two major

11   surgeries, all within the past six months.

12   18.    Between my duties to my wife and my legal practice, I cannot afford to take out

13   extra time to fly to and from San Francisco. This is evidenced by the fact that I have not had

14   any time off at all in several years.

15

16   I declare under penalty of perjury under the laws of the United States of America that

17   the foregoing is true and correct. Executed on this 5th day of May, 2008 in Mesa, Arizona.

18

19

20   James E. Novak

21

22

23

24

25

26   Declaration of James E. Novak in Support of
Defendants' Motion to Dismiss or Transfer
Case No. 3:08-CV-0195-JCS

4

# EXHIBIT B

**UNITED STATES PATENT AND TRADEMARK OFFICE**
**Trademark Trial and Appeal Board**
**P.O. Box 1451**
**Alexandria, VA 22313-1451**

MBA/vw                              Mailed: April 17, 2008

                                   Cancellation No. 92048603

                                   Advice Company

                                           v.

                                   James Novak

**Michael B. Adlin, Interlocutory Attorney:**

        Petitioner's motion to suspend this proceeding pending
final determination of a civil action between the parties[1],
filed April 15, 2008, is hereby granted.  Trademark Rule
2.117(a).  Accordingly, proceedings herein are suspended
pending final disposition of the civil action between the
parties.

        Within twenty days after final determination of the
civil action, the parties shall so notify the Board and
call this case up for any appropriate action.  During the
suspension period the Board shall be notified of any
address changes for the parties or their attorneys.

---

[1] Advice Company v. James Novak and Attorney Yellow Pages.Com, LLC, Case
No. CV-08-1951 (JCS), pending in the U.S. District Court for the
Northern District of California.

Cancellation No. 92048603

**<u>NEWS FROM THE TTAB</u>**:

The USPTO published a notice of final rulemaking in the Federal Register on August 1, 2007, at 72 F.R. 42242.  By this notice, various rules governing Trademark Trial and Appeal Board inter partes proceedings are amended.  Certain amendments have an effective date of August 31, 2007, while most have an effective date of November 1, 2007.  For further information, the parties are referred to a reprint of the final rule and a chart summarizing the affected rules, their changes, and effective dates, both viewable on the USPTO website via these web addresses:
http://www.uspto.gov/web/offices/com/sol/notices/72fr42242.pdf
http://www.uspto.gov/web/offices/com/sol/notices/72fr42242_FinalRuleChart.pdf

By one rule change effective August 31, 2007, the Board's standard protective order is made applicable to all TTAB inter partes cases, whether already pending or commenced on or after that date.  However, as explained in the final rule and chart, this change will not affect any case in which any protective order has already been approved or imposed by the Board.  Further, as explained in the final rule, parties are free to agree to a substitute protective order or to supplement or amend the standard order even after August 31, 2007, subject to Board approval.  The standard protective order can be viewed using the following web address:
http://www.uspto.gov/web/offices/dcom/ttab/tbmp/stndagmnt.htm