Steven C. Schroer (*pro hac vice*)
Nicholas T. Peters (*pro hac vice*)
Ted S. P. Li (*pro hac vice*)
FITCH, EVEN, TABIN & FLANNERY
120 South LaSalle Street, Suite 1600
Chicago, IL 60603
Telephone: 312-577-7000
Facsimile: 312-577-7007
E-mail: scschr@fitcheven.com
        ntpete@fitcheven.com
        tli@fitcheven.com

Dion N. Cominos (SBN: 136522)
Mark C. Russell (SBN: 208865)
GORDON & REES LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111
Telephone: 415-986-5900
Facsimile: 415-262-3714
E-mail: dcominos@gordonrees.com
        mrussell@gordonrees.com

Attorneys for Defendants,
James Novak and Attorney Yellow Pages.com LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| ADVICE COMPANY, a California corporation, | ) ) Case No. 3:08-CV-01951-JCS |
| Plaintiff, | ) ) |
| vs. | ) **CORRECTED MEMORANDUM OF** |
| | ) **POINTS AND AUTHORITIES IN** |
| JAMES NOVAK, an individual, and | ) **SUPPORT OF DEFENDANTS' MOTION** |
| ATTORNEY YELLOW PAGES.COM, | ) **TO DISMISS OR TRANSFER** |
| LLC, an Arizona limited liability company, | ) |
| and DOES 1-10, | ) Date:   June 13, 2008 |
| Defendants. | ) Time:  9:30 a.m. |
| | ) Room: A |
| | ) Judge:  Hon. Joseph C. Spero |
| | ) |
| | ) Complaint Filed:  April 11, 2008 |

# TABLE OF CONTENTS

Page

I.    INTRODUCTION ................................................................................................ 1

II.   STATEMENT OF FACTS .................................................................................. 1

III.  THE COURT SHOULD DISMISS THE COMPLAINT IN THIS ACTION
      AGAINST DEFENDANTS BECAUSE THE COURT LACKS PERSONAL
      JURISDICTION OVER THEM ........................................................................... 2

      A.    Applicable Law ........................................................................................ 2

      B.    The Court does not have general jurisdiction over Defendants ..................... 3

      C.    The Court does not have specific jurisdiction over Defendants ................... 4

            1.    Defendants have not purposely availed themselves of the laws and
                  benefits of this forum so as to give rise to personal jurisdiction ......... 4

            2.    This cause of action does not arise out of Defendants' limited and
                  attenuated contacts ............................................................................ 6

            3.    Exercising jurisdiction over Defendants would not be reasonable .... 7

                  i.    The extent of a defendant's purposeful interjection ............... 7

                  ii.   The burden on the defendant in defending in the
                        forum ............................................................................ 8

                  iii.  The extent of conflict with the sovereignty of the
                        defendant's state .......................................................... 8

                  iv.   The forum state's interest in adjudicating the dispute ........... 8

                  v.    The most efficient judicial resolution of the
                        controversy ................................................................... 8

                  vi.   The importance of the forum to the plaintiff's interest
                        in convenient and effective relief ..................................... 9

                  vii.  The existence of an alternative forum ................................. 9

IV.   THE COURT SHOULD DISMISS THE COMPLAINT AGAINST
      DEFENDANTS BECAUSE THE NORTHERN DISTRICT OF
      CALIFORNIA IS NOT A PROPER VENUE FOR THIS ACTION ...................... 9

V.    IN THE ALTERNATIVE, THE COURT SHOULD TRANSFER THIS
      ACTION TO THE DISTRICT OF ARIZONA ................................................. 10

    **A.**    **Transferring this action to the District of Arizona would be in the interests of justice** ........................................................................... 11

    **B.**    **The over all convenience of the parties and witnesses also favor transferring this action to the District of Arizona** .......................... 11

        **1.**    **Plaintiff's choice of forum does not weigh against transfer** .............. 12

        **2.**    **Convenience of the Parties favor transfer** .......................... 12

        **3.**    **Convenience of the witnesses favor transfer** ....................... 13

        **4.**    **Ease of access to evidence favors transfer** ......................... 13

**VI.**    **CONCLUSION** ........................................................................... 14

**EXHIBIT A – Declaration of James E. Novak in Support of Defendants' Motion to Dismiss or Transfer**

**EXHIBIT B – Order suspending TTAB cancellation proceeding**

Corrected Memorandum Of Points And Authorities In
Support Of Defendants' Motion To Dismiss Or Transfer
3:08-CV-01951-JCS

ii

1

# TABLE OF AUTHORITIES

2
Page

3 **Cases**

4 *B&B Hardware, Inc. v. Hargis Industries, Inc.*,
   2006 U.S. Dist. LEXIS 96381
5   (N.D. Cal. December 4, 2006) .......................................................................... 11, 12, 13

6 *Chan v. Soc'y Expeditions, Inc.*,
   39 F.3d 1398 (9th Cir. 1994) ................................................................................... 3
7

8 *Cybersell, Inc. v. Cybersell, Inc.*,
   130 F.3d 414 (9th Cir. 1997) ................................................................................... 9

9 *DataSouth Computer Corp. v. Three Dimensional Techs., Inc.*,
   719 F.Supp. 446 (W.D.N.C. 1989) ......................................................................... 11
10

11 *Dow Chem. Co. v. Calderon*,
   422 F.3d 827 (9th Cir. 2005) ................................................................................... 3

12 *Helicopteros Nacionales del Colombia v. Hall*,
   466 U.S. 408 (1984) ................................................................................................. 3
13

14 *Int'l Shoe Co. v. Washington*,
   326 U.S. 310 (1945) .............................................................................................. 3, 4

15 *Jones v. GNC Franchising, Inc.*,
   211 F.3d 495 (9th Cir. 2000) ................................................................................. 10
16

17 *Multistate Legal Studies, Inc. v. Marino*,
   1996 U.S. Dist. LEXIS 20752
18   (C.D. Cal. November 4, 1996) .............................................................................. 11

19 *Pebble Beach Co. v. Michael Caddy*,
   453 F.3d 1151 (9th Cir. 2006) ....................................................................... 3, 4, 5, 6, 7

20 *Shute v. Carnival Cruise Lines*,
   897 F.2d 377 (9th Cir. 1990) ............................................................................... 3, 4, 5
21

22 *Stewart Org. v. Ricoh Corp.*,
   487 U.S. 22 (1988) ................................................................................................. 10

23 *Wiley v. Trendwest Resorts, Inc.*,
   2005 U.S. Dist. LEXIS 38893
24   (N.D. Cal. August 9, 2005) .................................................................................. 11

25 *Williams v. Canon, Inc.*,
   432 F. Supp. 376 (C.D. Cal. 1977) ......................................................................... 5
26

*Wolf Designs, Inc. v. DHR & Co.*,
    322 F.Supp.2d 1065 (C.D. Cal. 2004) ................................................................... 7

*Ziegler v. Indian River County*,
    64 F.3d 470 (9th Cir. 1995) ................................................................................... 6

**Statutes**

28 U.S.C. § 1391 ......................................................................................... 1, 9, 10

28 U.S.C. § 1404(a) ..................................................................................... 1, 10, 11

28 U.S.C. § 1406(a) ............................................................................................... 10

**Rules**

Fed. R. Civ. P. 12(b)(2)....................................................................................... 1, 2, 14

Fed. R. Civ. P. 12(b)(3)............................................................................................ 1, 14

Corrected Memorandum Of Points And Authorities In
Support Of Defendants' Motion To Dismiss Or Transfer
3:08-CV-01951-JCS

iv

1  **I.    INTRODUCTION**

2          Defendants, James E. Novak and Attorney Yellow Pages.com, LLC (collectively

3  "Defendants"), ask the Court, pursuant to Fed. R. Civ. P. 12(b)(2) and (3), for an order

4  dismissing this action filed by Advice Company ("Plaintiff").    Defendants do not have

5  sufficient contacts with the State of California to warrant the exercise of personal jurisdiction

6  over them.  Moreover, the Northern District of California is not a proper venue under 28 U.S.C.

7  § 1391.    Therefore, this action should be dismissed for lack of personal jurisdiction and/or

8  improper venue.

9          In the alternative, Defendants ask the Court, pursuant to 28 U.S.C. § 1404(a), to transfer

10  this action to the District of Arizona for the convenience of the parties and witnesses and in the

11  interests of justice.

12  **II.    STATEMENT OF FACTS**

13          Plaintiff is a California company that provides legal information services to the public as

14  well as directory, marketing, lead generation, and client development services to lawyers.

15  (Complaint, ¶ 3.)  Plaintiff claims the ownership of ATTORNEYPAGES, a mark registered on

16  the Supplemental Register of the United States Patent and Trademark Office ("USPTO").

17  (Complaint, ¶ 9.)

18          Defendant Attorney Yellow Pages.com, LLC ("AYPC") is an Arizona limited liability

19  company offering online business directories featuring attorneys.   (Declaration of James E.

20  Novak in Support of Defendants' Motion to Dismiss or Transfer ("Ex. A"), ¶ 1.)  It operates a

21  passive website with the domain name of www.attorneyyellowpages.com and generates its

22  revenue primarily through advertisement agreements with attorneys and law firms for the

23  placement  of  ads  on  its  website.    (Ex. A,   ¶¶ 5  and 7.)    It  also  owns  the

24  ATTORNEYYELLOWPAGES.COM mark which is registered on the Supplemental Register

25

26

1  of the USPTO.  (Ex. A, ¶ 6.)  Defendant James E. Novak ("Mr. Novak") is the President of

2  AYPC.  (Ex. A, ¶ 1.)

3       On or about December 13, 2007, Plaintiff filed a petition with the Trademark Trial and

4  Appeal Board ("TTAB") to cancel AYPC's ATTORNEYYELLOWPAGES.COM mark.

5  (Complaint, ¶ 12.)  Plaintiff then filed this action, suspending the cancellation proceeding

6  before the TTAB.  (TTAB Order of Suspension ("Ex. B").)  Plaintiff now alleges trademark

7  infringement and related federal, state and common law claims against AYPC and Mr. Novak

8  individually over AYPC's use of the ATTORNEYYELLOWPAGES.COM mark and the

9  www.attorneyyellowpages.com domain.  (Complaint, ¶¶ 29-56.)

10      As detailed in Mr. Novak's supporting declaration, Defendants do not have sufficient

11  contacts with California to justify the exercise of personal jurisdiction over them in this Court.

12  Defendants do not reside in or do business in California.  (Ex. A, ¶¶ 4, 10, 13 and 14.)  The

13  www.attorneyyellowpages.com domain is a passive website.  (Ex. A, ¶ 5.)  AYPC's advertising

14  is concentrated in the state of Arizona, with some generalized advertising nationwide and with

15  negligible advertising within the state of California.  (Ex. A, ¶ 8.)  In fact, no sales have resulted

16  from the limited advertising in California and AYPC has not generated any revenue from

17  California attorneys.  (Ex. A, ¶¶ 8-10.)  Moreover, to defend this action in the Northern District

18  of California would cause Mr. Novak severe and unnecessary hardship.  (Ex. A, ¶¶ 15-18.)

19  **III.  THE COURT SHOULD DISMISS THE COMPLAINT IN THIS ACTION**
20  **AGAINST DEFENDANTS BECAUSE THE COURT LACKS PERSONAL**
    **JURISDICTION OVER THEM**

21      **A.    Applicable Law**

22      Pursuant to Fed. R. Civ. P. 12(b)(2), a court must dismiss a suit for lack of jurisdiction

23  over the person.  The exercise of personal jurisdiction over a nonresident defendant is tested by

24  a two-part analysis:  (1) it must satisfy the requirements of the applicable state long-arm statute

25  and (2) it must comport with federal due process.  *Chan v. Soc'y Expeditions, Inc.*, 39 F.3d

26

1398, 1404-5 (9th Cir. 1994).    California's long-arm statute allows courts to exercise jurisdiction to the limits of the Due Process Clause of the United States.  *Dow Chem. Co. v. Calderon*, 422 F.3d 827, 831 (9th Cir. 2005).  Thus, the two-part analysis collapses into one question:  whether exercise of personal jurisdiction comports with due process.  *Id.*

In order for a court to exercise personal jurisdiction, due process requires a defendant to have sufficient minimum contacts with the forum state such that maintenance of the suite would not offend traditional notions of fair play and substantial justice.  *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).  The nature and quality of the necessary contacts required vary depending up the type of personal jurisdiction asserted, either general or specific.  *Shute v. Carnival Cruise Lines*, 897 F.2d 377, 380 (9th Cir. 1990).  "When a defendant moves to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating that the court has jurisdiction over the defendant."  *Pebble Beach Co. v. Michael Caddy*, 453 F.3d 1151, 1154 (9th Cir. 2006).

## B.    The Court does not have general jurisdiction over Defendants

Both Defendants reside in Arizona.  (Ex  A, ¶¶ 4 and 14.)  General jurisdiction exists only when nonresident defendants have "substantial" or "systematic and continuous contact" with the forum state.  *Shute*, 897 F.2d at 380.  Such contacts must be so pervasive as to justify the exercise of jurisdiction over the person in all matters.  *Helicopteros Nacionales del Colombia v. Hall*, 466 U.S. 408, 414 (1984).

AYPC is an Arizona limited liability company with no offices, employees, agents or properties in California.  (Ex. A, ¶ 4.)  It generates its revenue from advertising agreements with attorneys in Arizona, doing no business in California.  (Ex. A, ¶¶ 9 and 10.)  The only contact it has ever had with California was in the form of negligible advertisements during a brief period from November 2006 to March 2007.  (Ex. A, ¶ 8.)  It has not generated any revenue from these advertisements.  (Ex. A, ¶ 9.)

Corrected Memorandum of Points and Authorities In
Support Of Defendants' Motion To Dismiss Or Transfer
3:08-CV-01951-JCS

3

1    Similarly, Mr. Novak is also a resident of Arizona with no assets of any form in

2    California.   (Ex. A, ¶ 14.)   Mr. Novak, a practicing attorney, does not have any clients in

3    California and in fact, has not set foot in California for any reason within the last 23 years.

4    (Ex. A, ¶¶ 11 and 12.)   It is clear that Defendants do not have "substantial" or "systematic and

5    continuous contact" with California.   Thus, the Court cannot exercise general jurisdiction over

6    Defendants consistent with "traditional notions of fair play and substantial justice."   *Int'l Shoe*,

7    326 U.S. at 316.

8    **C.     The Court does not have specific jurisdiction over Defendants**

9    If the nonresident defendants' activities within the forum are not sufficient to justify

10   general jurisdiction, the court may only assert personal jurisdiction as to a cause of action

11   specifically and directly arising out of the defendants' activities within the forum.   *Shute*, 879

12   F.2d at 381.   The Ninth Circuit has established a three-part test to determine whether the court

13   may exercise specific jurisdiction over the nonresident defendants:   (1) the defendants must

14   perform an act or consummate a transaction by which they purposely avail themselves of the

15   privilege of conducting activities in the forum, thereby invoking the benefits and protections of

16   its laws; (2) the claim must arise out of or result from the defendants' forum related activities;

17   and (3) the exercise of jurisdiction must be reasonable.   *Pebble Beach Co.*, 453 F.3d at 1155.

18   All three requirements must be satisfied in order to comport with due process.   *Id.*

19   **1.     Defendants have not purposely availed themselves of the
20          laws and benefits of this forum so as to give rise to personal
            jurisdiction**

21   With respect to the first prong of the test, "purposeful availment" requires that the

22   defendants purposefully avail themselves of the privilege of conducting activities within the

23   forum, thereby invoking the benefits and protections of its laws.   *Id*.   The focus on defendants'

24   affirmative conduct is "designed to ensure that the defendant is not haled into court as the result

25   of random, fortuitous or attenuated contacts, or on account of the unilateral activities of third

26

1  parties." *Shute*, 897 F.2d at 381.  Where, as is the case here, defendants object to personal

2  jurisdiction, the burden is on the plaintiff to prove that personal jurisdiction is proper.  *Pebble*

3  *Beach Co.*, 453 F.3d at 1154.  Plaintiff has not, and cannot, meet this burden.

4        In the Complaint, Plaintiff summarily alleges that "Defendants are doing business in

5  California and in this District."   (Complaint, ¶ 4.)   However, as stated in the supporting

6  declaration, Mr. Novak does not do any business in California, much less in this District.

7  (Ex. A, ¶ 13.)   Similarly, AYPC also does not do any business in California and instead,

8  generates its revenue from attorneys and law firms in Arizona only.  (Ex. A, ¶¶ 9 and 10.)

9        The Complaint also asserts that Defendants are soliciting business in this district.

10  (Complaint, ¶ 2.)  Plaintiff then proceeds to allege only that "Defendants are promoting their

11  competitive services under the [ATTORNEYYELLOWPAGES.COM mark] throughout the

12  United States, on the internet by utilizing the [www.attorneyyellowpages.com] Domain Name,

13  and elsewhere."   (Complaint, ¶ 16.)   However, the use of a passive website such as

14  www.attorneyyellowpages.com does ***not*** constitute purposeful availment.  *Pebble Beach Co.*,

15  453 F.3d at 1158.  AYPC's generalized nationwide advertising efforts, including the fact that a

16  very small number of random attorneys in California may have received an advertisement

17  mailing that was sent out to thousands of attorneys nationwide, also do not satisfy the

18  purposeful availment test.  *See*, *e.g.*, *Williams v. Canon, Inc.*, 432 F. Supp. 376, 380 (C.D. Cal.

19  1977) (national advertising insufficient to establish purposeful availment).   Similarly, the

20  placement of a single magazine ad that only appeared in two issues, should not be considered to

21  satisfy the purposeful availment test, especially given the fact that AYPC has not entered into

22  ***any*** advertising agreements with California attorneys nor has it generated ***any*** revenue from

23  California attorneys.  (Ex. A, ¶¶ 9 and 10.)  It is clear that AYPC's advertising efforts have not

24  led to "the transaction of business" so as to satisfy the purposeful availment test.  Likewise,

25  Mr. Novak does not do any business in California, much less this District, and in fact, hasn't

26

1   even traveled to California in 23 years.  (Ex. A, ¶¶ 11 and 12.)  Thus, Plaintiff has not and

2   cannot satisfy the first requirement for exercising specific jurisdiction over Defendants.

3   Therefore, the Court should grant Defendants' motion to dismiss.

### 2.   This cause of action does not arise out of Defendants' limited and attenuated contacts

6       The second requirement for specific jurisdiction is that the contacts constituting

7   purposeful availment must be the ones that give rise to the current suit.  *Pebble Beach Co.*, 453

8   F.3d at 1155.  Plaintiff cannot meet this requirement because, as discussed above, Defendants

9   did not have sufficient contacts that constitute "purposeful availment."  Additionally, this action

10  does not arise out of any contacts between Defendants and the state of California.

11      According to the Complaint, Plaintiff filed an application with the USPTO on

12  September 22, 2006 to move the ATTORNEYPAGES mark from the Supplemental Register to

13  the Principal Register.   (Complaint, ¶ 11.)   It was only after the USPTO cited the

14  ATTORNEYYELLOWPAGES.COM mark in its rejection of Plaintiff's application that

15  Plaintiff decided to act against Defendants, resulting in the current action filed before the Court.

16  (Complaint, ¶ 11.)  Thus, it is obvious that this action arose out of the USPTO's rejection of

17  Plaintiff's application, not whatever limited and attenuated contacts Defendants may have with

18  California.    Moreover, the Ninth Circuit has instructed that courts must measure this

19  requirement in terms of "but for" causation, *i.e.*, but for the alleged contacts, the cause of action

20  would not have arisen.  *See Ziegler v. Indian River County*, 64 F.3d 470, 474 (9th Cir. 1995).

21      Plaintiff alleges various trademark related claims, basing them on AYPC's used of its

22  www.attorneyyellowpages.com website and related advertising.  (Complaint, ¶¶ 29-56.)  The

23  Complaint specifically alleges that "Defendants are promoting their competitive services under

24  the [ATTORNEYYELLOWPAGES.COM mark] ***throughout the United States***, on the internet

25  by utilizing the [www.attorneyyellowpages.com domain name], and elsewhere."  (Complaint,

26

1    ¶ 16) (emphasis supplied).    Thus, Plaintiff does not base its claims on any limited and

2    attenuated contacts Defendants may have with the state of California.    But for such contacts,

3    Plaintiffs' cause of action, *i.e.* infringement of a federally registered trademark, would still arise

4    simply based the alleged infringement actions that occurred solely within the state of Arizona,

5    regardless of the lack of any actual merit to Plaintiffs' claims.    For the foregoing reasons,

6    Plaintiff has not and cannot satisfy the second requirement for exercising specific jurisdiction

7    over Defendants and therefore, the Court should grant Defendants' motion to dismiss.

8

9                    **3.        Exercising jurisdiction over Defendants would not be
                               reasonable**

10            The third requirement for specific jurisdiction is reasonableness.    *Pebble Beach Co.*, 453

11    F.3d at 1155.    In addressing the question of reasonableness, the Ninth Circuit must balance

12    seven factors, none of which is dispositive in and of itself.    *Wolf Designs, Inc. v. DHR & Co.*,

13    322 F.Supp.2d 1065, 1071 (C.D. Cal. 2004).    Overall, these factors plainly call for the Court to

14    decline to exercise personal jurisdiction over Defendants.

15                            **i.        The extent of a defendant's purposeful interjection**

16            Any "purposeful interjection" by AYPC is, at most, *de minimus*.    As discussed above,

17    AYPC's nationwide advertisements were exactly that: nationwide.    A tiny fraction of random

18    mailings out of thousands that were sent throughout the country over a period of a few months

19    back in early 2007 certainly cannot be considered extensive.    (Ex. A, ¶ 8.)    Similarly, a single

20    ad that only ran in two issues of a magazine over a year ago also cannot be considered

21    extensive.    (Ex. A, ¶ 8.)    The extent of "purposeful interjection," or more accurately the lack

22    thereof, is evidenced by the fact that no sales resulted from those advertisements, AYPC has not

23    entered into any advertising agreements with California attorneys, and has only received

24    revenue from Arizona attorneys.    (Ex. A, ¶¶ 9 and 10).    Concerning Mr. Novak, he has not even

25    visited California in 23 years.    (Ex. A, ¶ 12).    This factor clearly favors Defendants.

26

1              **ii.    The burden on the defendant in defending in the forum**

2          Requiring Mr. Novak to defend this action in San Francisco would place a great burden

3   on him, his family and his legal practice.  Mr. Novak is the sole caretaker of his disabled wife

4   and must also manage a heavy and often unpredictable criminal case load.  (Ex. A., ¶¶ 15-18.)

5   Additionally, both Mr. Novak and AYPC reside in Arizona, with no offices, employees or

6   assets in California.  (Ex. A, ¶¶ 4 and 14.)  This factor heavily favors Defendants.

7              **iii.   The extent of conflict with the sovereignty of the**
                        **defendant's state**
8

9          As to the third factor, this Court's exercise of jurisdiction over Defendants will

10  necessarily conflict with the sovereignty of Defendant's state, the state of Arizona.  In addition

11  to its federal claims, Plaintiff also asserts various California state claims, including a claim for

12  Unfair Competition under California common law.  (Complaint, ¶¶ 51-54.)  Given Arizona's

13  separate and independent courts with their unique lines of cases and precedents, such a claim

14  inherently conflicts with Arizona's sovereignty.  Therefore, this factor also favors Defendants.

15             **iv.    The forum state's interest in adjudicating the dispute**

16         Regarding the fourth factor, Plaintiff may argue that California has an interest in

17  adjudicating this dispute simply because Plaintiff is a resident of California.  However, such

18  interest is limited by the fact that Defendants only have the most limited and attenuated contacts

19  with California.  As noted previously, AYPC does not make any money from any California

20  attorney.  Furthermore, Plaintiffs' claims necessarily revolve around Defendants' alleged acts of

21  infringement, all of which took place in Arizona.  Thus, this factor is neutral.

22             **v.    The most efficient judicial resolution of the controversy**

23         The District of Arizona would more efficiently resolve this dispute.  Defendants reside

24  in Arizona and most, if not all, of the evidence related to Defendants' alleged acts of

25  infringement would also be Arizona.  Consequently, this factor also favors Defendants.

26

1

2

### vi.    The importance of the forum to the plaintiff's interest in convenient and effective relief

3       Since the District of Arizona is likely to be more efficient overall, it should not

4  adversely affect Plaintiff's interest in convenient and effective relief.  Therefore, this factor

5  favors Defendants, or is at worst neutral.

6

### vii.    The existence of an alternative forum

7       Given the fact that Defendants both reside in Arizona, there can be no dispute that the

8  District of Arizona is an available forum.  Thus, this factor plainly favors Defendants.

9       Based on a balance of the *Cybersell, Inc. v. Cybersell, Inc.*, 130 F.3d 414 (9th Cir. 1997)

10  factors, it simply would not be reasonable for this Court to exercise specific jurisdiction over

11  Defendants.

12  **IV.    THE COURT SHOULD DISMISS THE COMPLAINT AGAINST DEFENDANTS BECAUSE THE NORTHERN DISTRICT OF**

13  **CALIFORNIA IS NOT A PROPER VENUE FOR THIS ACTION**

14       An action in federal court must comply with the venue requirements set forth in

15  28 U.S.C. § 1391.  Plaintiff's allege federal question claims against Mr. Novak, an individual,

16  and AYPC, a limited liability company.   Therefore, venue with respect to Mr. Novak is

17  governed by 28 U.S.C. § 1391(b) and venue with respect to AYPC is governed by 28 U.S.C.

18  § 1391(b) and (c).

19       As a limited liability company, AYPC may be deemed to reside in the Northern District

20  of California for venue purposes only if it is subject to personal jurisdiction in this particular

21  district or if the Court finds that AYPC is both subject to personal jurisdiction within the state

22  of California and also have the most significant contacts with this district.  28 U.S.C. § 1391(c).

23  As discussed previously, AYPC is not subject to personal jurisdiction in the state of California,

24  much less in the Northern District of California in specifically.  However, even if the Court

25  does hold that personal jurisdiction is proper in the state of California, there is no evidence that

26

Corrected Memorandum of Points and Authorities In
Support Of Defendants' Motion To Dismiss Or Transfer                                                                      9
3:08-CV-01951-JCS

1  AYPC's "most significant contacts" giving rise to personal jurisdiction were with the Northern

2  District of California as opposed to any of the other districts in this state. Because AYPC may

3  not be deemed to reside in this district, venue is not proper under 28 U.S.C. § 1391(b)(1). Nor

4  is venue proper under 28 U.S.C. § 1391(b)(2) since the events giving rise to Plaintiff's claims

5  occurred essentially entirely in Arizona. At most only negligible events, if any, may be

6  considered to have occurred in this district. Lastly, AYPC does not have any offices,

7  employees, agents or properties in this district. (Ex. A, ¶ 4.) Therefore, this venue is not proper

8  under 28 U.S.C. § 1391(b)(3).

9       Similarly, Mr. Novak does not reside in the Northern District of California. Therefore,

10 this venue is not proper under 28 U.S.C. § 1391(b)(1). Nor is this venue proper under

11 28 U.S.C. § 1391(b)(2) as discussed above. Lastly, Mr. Novak does not own any assets or

12 properties in this district and in fact, has not set foot in the state of California in 23 years.

13 (Ex. A, ¶¶ 12 and 14.) Thus, this venue is not proper under 28 U.S.C. § 1391(b)(3) either.

14      Because the Northern District of California is not a proper forum for this case, the Court

15 should dismiss this action pursuant to 28 U.S.C. § 1406(a).

16

17 **V.    IN THE ALTERNATIVE, THE COURT SHOULD TRANSFER THIS
        ACTION TO THE DISTRICT OF ARIZONA**

18      Under 28 U.S.C. § 1404(a), "[f]or the convenience of the parties and witnesses, in the

19 interest of justice, a district court may transfer any civil action to any other district or division

20 where it might have been brought." The Court has "broad discretion to adjudicate motions for

21 transfer according to an individualized, case-by-case consideration of convenience and

22 fairness." *Jones v. GNC Franchising, Inc.*, 211 F.3d 495 (9th Cir. 2000) *quoting Stewart Org.*

23 *v. Ricoh Corp.*, 487 U.S. 22, 30 (1988). There is no question that Plaintiff could have brought

24 this action in the District of Arizona, where Defendants reside. As shown below, the

25

26

1    convenience of parties and witnesses favor transferring this action to the District of Arizona,

2    and to do so would also serve the interests of justice.

3

4    **A.      Transferring this action to the District of Arizona would be in the
         interests of justice**

5            The "interests of justice" consideration is the most important factor a court must

6    consider.  *Wiley v. Trendwest Resorts, Inc.*, 2005 U.S. Dist. LEXIS 38893, *9 (N.D. Cal.

7    August 9, 2005).  Courts have repeatedly held that "a change of venue from a forum where

8    there is a difficult question of personal jurisdiction or venue to a district where there are not

9    such uncertainties serves the interest of justice." *Multistate Legal Studies, Inc. v. Marino*, 1996

10   U.S. Dist. LEXIS 20752, *33 (C.D. Cal. November 4, 1996) *citing DataSouth Computer Corp.*

11   *v. Three Dimensional Techs., Inc.*, 719 F.Supp. 446 (W.D.N.C. 1989).  In light of Defendants'

12   instant motion, there are, at the very least, substantial questions as to whether Defendants are

13   subject to personal jurisdiction in California and whether venue is proper in the Northern

14   District of California.  Consequently, a transfer would serve the interest of justice.

15

16   **B.      The over all convenience of the parties and witnesses also favor
         transferring this action to the District of Arizona**

17           "There are a large number of factors that courts have considered in weighing the

18   propriety of a § 1404(a) transfer … ." *B&B Hardware, Inc. v. Hargis Industries, Inc.*, 2006

19   U.S. Dist. LEXIS 96381, *10 (N.D. Cal. December 4, 2006).  The role of the court is to

20   "interpret these factors broadly, and to apply them to the particular facts of each individual

21   case." *Id.* (citation omitted).  The facts of the present action closely parallel those in *B&B*

22   *Hardware*, another case that involved allegations of trademark infringement.  There, the court

23   considered the plaintiff's choice of forum, convenience of the parties, convenience of the

24   witnesses and ease of access to evidence, and found that they all favored transferring the action

25

26

1  to the defendants' home state.  *See id.* at *10-17.  Similar to *B&B Hardware*, the facts in this

2  action also favor transfer to Defendants' home state, Arizona.

### 1.    Plaintiff's choice of forum does not weigh against transfer

4      Though Plaintiff presumably prefers to try this matter in the Northern District of

5  California, as evidenced by it choosing to file this action before this Court, such preference is

6  entitled only to minimal consideration given Defendants' lack of contacts with California and

7  the fact that the operative facts underlying Plaintiff's allegations occurred in Arizona.  *See Id.* at

8  10-12.  In *B&B Hardware*, the plaintiff alleged trademark infringement against defendants

9  whose "gross sales occurred in and around Arkansas" and only had 0.1% of customers and 2%

10  of sales revenue from the state of California.  *Id.* at 11-12.  The court held that

11          Although Plaintiff chose this forum, the tenuous relationship between this forum

12          and the events giving rise to Plaintiff's claim, leads the Court to attach minimal

13          weight to Plaintiff's choice.  Rather, the Court finds that, because Defendant's

14          allegedly infringing behavior was centralized in and around Arkansas, this factor

15          weights in favor of transferring the case to that forum.

16  *Id.* at 12.

17      Analogous to *B&B Hardware*, Defendants' allegedly infringing behavior was

18  centralized in and around Arizona.  (Ex. A, ¶¶ 8 and 9).  Moreover, Defendants do not have ***any***

19  customers or sales revenue from California.  (Ex. A, ¶¶ 9 and 10.)  Therefore, this factor weighs

20  in favor of transferring the case to Arizona.

### 2.    Convenience of the Parties favor transfer

22      When evaluating the convenience of the parties in an infringement action, more weight

23  is given to the convenience of the defendants.  "This is because the operative facts in

24  infringement cases usually relate to the design, development and production of an infringing

25  product."  *Id.* at 13 (quotation omitted).  Thus, "the most appropriate forum for an infringement

26

1   action is in the district where the activities of the alleged infringer – not those of the plaintiff –

2   occurred."  *Id.*

3          Similar to the defendants in *B&B Hardware*, AYPC's administrative headquarters,

4   employees, and business records are all located in the state of Arizona and Defendants conduct

5   "substantial business," or in the instant case, ***all*** of their business, in Arizona.  *See id.* at 13-14.

6   Additionally, Mr. Novak would suffer severe hardship to his family as well has his law practice

7   if he is forced to defend this action in the Northern District of California.  (Ex. A, ¶¶ 15-18).

8   Therefore, this factor also weighs in favor of transfer to Arizona.

9                  **3.      Convenience of the witnesses favor transfer**

10         Based on Plaintiff's allegations of trademark infringement, Defendants' witnesses will

11  likely include Mr. Novak, President of AYPC, as well as AlphaGraphics, a business located in

12  Arizona that designed and printed all of AYPC's advertising material.  (Ex. A, ¶ 8.)  Also, as

13  discussed previously, all of AYPC's customers are located in Arizona, with none in California.

14  (Ex. A, ¶¶ 9 and 10.)  "Customers and potential customers of the parties are the most relevant

15  third party witnesses as it is their confusion which provides the fundamental basis for Plaintiff's

16  infringement claims."   *B&B Hardware* at *16.   Therefore, as the court found in *B&B*

17  *Hardware*, this factor weighs in favor of transfer.  *Id.* at 16-17.

18                 **4.      Ease of access to evidence favors transfer**

19         "[T]he most relevant evidence to Plaintiff's claims is derived from Defendant's

20  allegedly infringing business activity."  *Id.* at 17.   All of the evidence regarding AYPC's

21  business, marketing and sales are located in Arizona since that is where AYPC is located, where

22  all of its records are kept and also where all of its revenue is generated.  (Ex. A, ¶¶ 4 and 9.)

23  Thus, this factor also weighs in favor of transfer.

24         Because all of the factors weigh in favor of Defendants, the Court should transfer this

25  action to the District of Arizona.

26

**VI.    CONCLUSION**

This action should be dismissed under Rule 12(b)(2) for lack of personal jurisdiction over Mr. Novak and AYPC.  This action should also be dismissed under Rule 12(b)(3) for improper venue.  Alternatively, this action should be transferred to the District of Arizona because that is where Defendants reside and all of the relevant factors support the appropriateness of the requested transfer.  Accordingly, Defendants respectfully request that this Court grant their motions to dismiss or transfer.

Dated:____May 6, 2008_____        s/   Mark C. Russell_____
                                         Steven C. Schroer (*pro hac vice*)
                                         Nicholas T. Peters (*pro hac vice*)
                                         Ted S. P. Li (*pro hac vice*)
                                         FITCH, EVEN, TABIN & FLANNERY
                                         120 South LaSalle Street, Suite 1600
                                         Chicago, IL  60603
                                         Telephone:  312-577-7000
                                         Facsimile:  312-577-7000


                                         Dion N. Cominos (SBN: 136522)
                                         Mark C. Russell (SBN: 208865)
                                         GORDON & REES LLP
                                         275 Battery Street, Suite 2000
                                         San Francisco, CA 94111
                                         Telephone:  415-986-5900
                                         Facsimile:  415-262-3714

                                         *Attorneys for Defendants,*
                                         *James Novak and Attorney Yellow Pages.com*

508647

# EXHIBIT A

1  Steven C. Schroer (*pro hac vice*)
   Nicholas T. Peters (*pro hac vice*)
2  Ted S. P. Li (*pro hac vice*)
   FITCH, EVEN, TABIN & FLANNERY
3  120 South LaSalle Street, Suite 1600
   Chicago, IL 60603
4  Telephone: 312-577-7000
   Facsimile: 312-577-7007
5  E-mail:  scschr@fitcheven.com
            ntpete@fitcheven.com
6            tli@fitcheven.com

7  Dion N. Cominos (SBN 136522)
   Mark C. Russell (SBN 208865)
8  GORDON & REES LLP
   275 Battery Street, Suite 2000
9  San Francisco, CA 94111
   Telephone: 415-986-5900
10 Facsimile: 415-262-3714
   E-mail: dcominos@gordonrees.com
11         mrussell@gordonrees.com

12 Attorneys for Defendants,
   James Novak and Attorney Yellow Pages.com LLC
13

                **UNITED STATES DISTRICT COURT**
14
              **NORTHERN DISTRICT OF CALIFORNIA**
15                  **SAN FRANCISCO DIVISION**

16 ADVICE COMPANY, a California          )
   corporation,                          )
17                                        )   Case No. 3:08-CV-01951-JCS
                   Plaintiff,            )
18        vs.                            )
                                          )   **DECLARATION OF JAMES E. NOVAK**
   JAMES NOVAK, an individual, and      )   **IN SUPPORT OF DEFENDANTS'**
19 ATTORNEY YELLOW PAGES.COM,           )   **MOTION TO DISMISS OR TRANSFER**
   LLC, an Arizona limited liability company, )
20 and DOES 1-10,                       )
                   Defendants.          )
21

22            I, James E. Novak, do hereby declare:

23        1.    I am the President of Attorney Yellow Pages.com, LLC ("AYPC"), an Arizona

24 limited liability company offering online business directories featuring attorneys.

25        2.    I have personal knowledge of the matters set forth herein.

26 Declaration of James E. Novak in Support of
   Defendants' Motion to Dismiss or Transfer
   Case No. 3:08-CV-0195-JCS                                              1

1    3.    I make this declaration in support of Defendants James Novak and AYPC's

2  motion to dismiss the Complaint in this matter for lack of personal jurisdiction and for improper

3  venue, or, in the alternative, to transfer venue.

4    4.    AYPC is a limited liability company incorporated under the laws of the State of

5  Arizona. AYPC resides in Arizona and does not have any offices, employees, agents or

6  properties in California. AYPC's administrative headquarters and business records are all

7  located in Arizona.

8    5.    AYPC provides online business directories that feature attorneys and law firms

9  throughout the nation in a variety of practice areas. These directories take the form of a passive

10  website accessed through http://www.attorneyyellowpages.com. This website lists the contact

11  information, *i.e.* name, address and telephone number, of various attorneys and law firms from

12  all fifty states as well as the District of Columbia.

13    6.    AYPC also owns the ATTORNEYYELLOWPAGES.COM mark registered on

14  the Supplemental Register of the USPTO.

15    7.    AYPC generates revenue primarily through agreements with attorneys or law

16  firms to the place their advertisements on AYPC's web pages.

17    8.    AYPC has engaged in widespread advertising of its business through a variety of

18  channels. All of the advertising materials were designed and printed by AlphaGraphics within

19  the state of Arizona. The bulk of the advertising has taken place within the state of Arizona

20  through ads on a local Arizona news website, vendor booths at Arizona State Bar seminars, and

21  advertisements in the Arizona Attorney magazine publication. AYPC has also engaged in

22  internet advertising efforts in the form of banner and link ads, as well as randomized mailings to

23  attorneys and law firms throughout the nation. Out of the approximately 4000 mailings sent out

24  nationwide between November 2006 and March 2007, less than 7% percent were sent to

25  random attorneys or law firms located in California. No sales have resulted from these

26  Declaration of James E. Novak in Support of
Defendants' Motion to Dismiss or Transfer
Case No. 3:08-CV-0195-JCS                                           2

1  mailings. Besides those random mailings, the only other advertising for AYPC within

2  California was the placement of a single ad in the February and April, 2007 issues of the Los

3  Angeles Lawyer magazine publication. Again, no sales have resulted from those ads. There

4  has been no other advertising for AYPC within the state of California.

5      9.      As stated previously, AYPC's primary source of revenue is from advertising

6  agreements with attorneys or law firms for the placement of their advertisements on AYPC's

7  website. AYPC has never entered into any such agreement with any California attorney or law

8  firm. AYPC does not and has not received any revenue whatsoever from any California

9  attorney or law firm. In fact, all of AYPC's revenue is generated from within the state of

10  Arizona.

11      10.     AYPC does not do business with attorneys or law firms anywhere within

12  California, including the Northern District of California. All of AYPC's business is done in the

13  state of Arizona.

14      11.     In addition to being the President of AYPC, I am also a practicing attorney. I do

15  not have any clients in California and I do not practice law in California. My practice is solely

16  within the state of Arizona.

17      12.     In fact, I have never once traveled to the state of California for any reason in the

18  past 23 years. The last time I was in California was 1985, when I was stationed at Camp

19  Pendleton during my service in the United States Marine Corps.

20      13.     I do not do business anywhere in California, including the Northern District of

21  California. All of my business is done in the state of Arizona and I do not receive any income

22  from California.

23      14.     I am domiciled and reside within Arizona and I do not own any assets in the

24  State of California, including real estate or personal property.

25

26  Declaration of James E. Novak in Support of
    Defendants' Motion to Dismiss or Transfer
    Case No. 3:08-CV-0195-JCS

3

15.    It would be a severe hardship to my family and my law practice if I were compelled to defend this lawsuit in the Northern District of California, with the attendant requirements for me to fly to San Francisco for proceedings, depositions, etc.

16.    I am a sole practitioner in the field of criminal law and carry a very heavy caseload. The nature of my practice requires me to attend court on a daily basis and to spend my early mornings, late evenings, and weekends meeting with clients and catching up with motions. Moreover, I retain new clients on an almost daily basis and so any additional time away is likely to lead to a direct loss of income.

17.    Most importantly, I am the sole caretaker for my wife, who suffers from total disability. She has been hospitalized multiple times and has had to undergo two major surgeries, all within the past six months.

18.    Between my duties to my wife and my legal practice, I cannot afford to take out extra time to fly to and from San Francisco. This is evidenced by the fact that I have not had any time off at all in several years.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on this 5th day of May, 2008 in Mesa, Arizona.


                                   James E. Novak

Declaration of James E. Novak in Support of
Defendants' Motion to Dismiss or Transfer
Case No. 3:08-CV-0195-JCS

4

# EXHIBIT B

**UNITED STATES PATENT AND TRADEMARK OFFICE**
**Trademark Trial and Appeal Board**
**P.O. Box 1451**
**Alexandria, VA  22313-1451**

MBA/vw                          Mailed:  April 17, 2008

                               Cancellation No. 92048603

                               Advice Company

                                       v.

                               James Novak

**Michael B. Adlin, Interlocutory Attorney:**

       Petitioner's motion to suspend this proceeding pending

final determination of a civil action between the parties[1],

filed April 15, 2008, is hereby granted.  Trademark Rule

2.117(a).  Accordingly, proceedings herein are suspended

pending final disposition of the civil action between the

parties.

       Within twenty days after final determination of the

civil action, the parties shall so notify the Board and

call this case up for any appropriate action.  During the

suspension period the Board shall be notified of any

address changes for the parties or their attorneys.

---

[1] Advice Company v. James Novak and Attorney Yellow Pages.Com, LLC, Case
No. CV-08-1951 (JCS), pending in the U.S. District Court for the
Northern District of California.

Cancellation No. 92048603

**<u>NEWS FROM THE TTAB</u>**:

The USPTO published a notice of final rulemaking in the
Federal Register on August 1, 2007, at 72 F.R. 42242.  By
this notice, various rules governing Trademark Trial and
Appeal Board inter partes proceedings are amended.  Certain
amendments have an effective date of August 31, 2007, while
most have an effective date of November 1, 2007.  For
further information, the parties are referred to a reprint
of the final rule and a chart summarizing the affected
rules, their changes, and effective dates, both viewable on
the USPTO website via these web addresses:
http://www.uspto.gov/web/offices/com/sol/notices/72fr42242.pdf
http://www.uspto.gov/web/offices/com/sol/notices/72fr42242_FinalR
uleChart.pdf

By one rule change effective August 31, 2007, the Board's
standard protective order is made applicable to all TTAB
inter partes cases, whether already pending or commenced on
or after that date.  However, as explained in the final
rule and chart, this change will not affect any case in
which any protective order has already been approved or
imposed by the Board.  Further, as explained in the final
rule, parties are free to agree to a substitute protective
order or to supplement or amend the standard order even
after August 31, 2007, subject to Board approval.  The
standard protective order can be viewed using the following
web address:
http://www.uspto.gov/web/offices/dcom/ttab/tbmp/stndagmnt.htm