1  PERRY IP GROUP A LAW CORPORATION
   E. LYNN PERRY (SBN 115165)
2  Four Embarcadero Center, 39th Floor
   San Francisco, CA 94111
3  Telephone:    415.398.6300
   Facsimile:    415.398.6306
4  Email:  lperry@perryip.com

5
   ADVOCATE LAW GROUP P.C.
6  Gerry H. Goldsholle (SBN 154604)
   2330 Marinship Way, Suite 121
7  PO Box 835
   Sausalito, CA 94966-0835
8  415-331-4350

9
   Attorneys for Plaintiff,
10 ADVICE COMPANY

11

12              UNITED STATES DISTRICT COURT

13        FOR THE NORTHERN DISTRICT OF CALIFORNIA

14                 SAN FRANCISCO DIVISION

15

| | | |
|---|---|---|
| ADVICE COMPANY, a California corporation, | ) ) ) | Case No.:  CV 08-01951 (JCS) |
| | ) | **MEMORANDUM OF POINTS AND** |
| Plaintiff, | ) ) | **AUTHORITIES IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS OR** |
| v. | ) ) | **TRANSFER** |
| JAMES NOVAK, an individual, and | ) ) | **Hearing Date:**  July 25, 2008 |
| ATTORNEY YELLOW PAGES.COM, LLC, | ) | **Time:**   9:30 a.m. |
| an Arizona limited liability company, | ) | **Room:**  A |
| and DOES 1-10, | ) ) | **Judge:**  Hon. Joseph C. Spero |
| Defendants. | ) ) ) | |

28

# TABLE OF CONTENTS

Page

TABLE OF CONTENTS ................................................................................................ i

TABLE OF AUTHORITIES ......................................................................................... ii

I.  INTRODUCTION .............................................................................................. 1

II. THIS COURT HAS PERSONAL JURISDICTION OVER
    BOTH DEFENDANTS ...................................................................................... 2

    A.  This Court Has General Jurisdiction ..................................................... 3

    B.  This Court Has Specific Jurisdiction ..................................................... 4

        1.  Defendants Have Purposefully Availed Themselves
            of the Privileges of Doing Business in This State. ................... 5

        2.  Defendants Expressly Aimed Their Activities to
            Compete with Plaintiff and to Confuse Plaintiff's
            Consumers Here. ....................................................................... 5

        3.  Plaintiff's Claims Arise Out of Defendants
            Forum-Related Activities. ......................................................... 9

        4.  Personal Jurisdiction Here Is Reasonable
            Under All the Circumstances. ................................................... 10

III. VENUE IS PROPER IN THIS DISTRICT. ...................................................... 12

    A.  Defendant AYPC Resides in this District ............................................. 12

    B.  Events Giving Rise to Plaintiff's Claims
        Occurred in this District ....................................................................... 12

    C.  This Case Should Not be Transferred ................................................... 12

IV. CONCLUSION .................................................................................................. 16

OPPOSITION TO PETITION TO VACATE ARBITRATION AWARD
Case No. C 08 00721 JW

# TABLE OF AUTHORITIES

Page

## Cases

*B&B Hardware, Inc. v. Hargis Industries, Inc.,*
  2006 U.S. Dist. LEXIS 96381 (N.D. Cal. December 4, 2006) ................................................ 15

*Ballard v. Savage,*
  65 F.3d 1495 (9th Cir. 1995)..................................................................................................... 4,8

*Bancroft & Masters, Inc. v. Augusta Nat'l, Inc.,*
  223 F.3d 1082 (9th Cir. 2000).................................................................................................... 3,6

*Burger King Corp. v. Rudzewicz,*
  471 U.S. 462, 105 S.Ct. 2174 (1985) ...................................................................................... *passim*

*Calder v. Jones,*
  465 U.S. 783 (1984) ....................................................................................................................... 5

*Carrot Bunch Co., Inc. v. Computer Friends, Inc.,*
  218  F.Supp.2d 820 (N.D. Tex. 2002)......................................................................................... 6,7

*Cybersell Inc. v. Cybersell Inc.,*
  130 F.3d 414 (9th Circ. 1997)....................................................................................................... 7

*Data Disc, Inc. v. Systems Tech. Assoc., Inc.,*
  557 F.2d 1280 (9th Cir. 1977)....................................................................................................... 4

*Gordy v. Daily News,*
  95 F.3d 829 (9th Cir. 1996)........................................................................................................... 2

*Harris Rutsky & Co. Ins. Servs., Inc. v. Bell & Clements Ltd.,*
  328 F.3d 1122, 1130 (9th Cir. 2003)......................................................................................... 5,9,10

*Helicopteros Nacionales de Colombia, S.A. v. Hall,*
  466 U.S. 408 (1984) ....................................................................................................................... 3

*In re National Presto Indus., Inc.,*
  347 F.3d 662 (7th Cir. 2003)....................................................................................................... 14

*Jones v. GNC Franchising, Inc.,*
  21 1 F.3d 495 (9th Cir. 2000)...................................................................................................... 13,14

*Litmer v. PDQUSA.com,*
  326 F.Supp.2d 952 (N.D. Ind. 2004) .......................................................................................... 7,13

ii

Page

### *Cases (cont.)*

Panavision Int'l, L.P. v. Toeppen,
  141 F.3d 1316 (9th Cir. 1998)..................................................... *passim*

Pebble Beach Co. v. Caddy,
  453 F.3d 1151, 1153 (9th Cir. 2006)........................................... 4,9

Radical Prods., Inc. v. Sundays Distrib.,
  821 F.Supp. 648 (W.D. Wash. 1992)........................................... 10

Rio Properties, Inc. v. Rio Int'l Interlink,
  84 F.3d 1007 (9th Cir.2000)........................................................ 6

Roth v. Garcia Marquez,
  942 F.2d 617 (9th Cir. 1991)....................................................... 5

Sher v. Johnson,
  911 F.2d 1357 (9th Cir. 1990)..................................................... 9

Sidco Indus. Inc. v. Wimar Tahoe Corp.,
  768 F.Supp. 1343 (D. Or. 1991) ................................................. 10

Sinatra v. National Enquirer, Inc.,
  854 F.2d 1191 (9th Cir. 1988)..................................................... 5,11

Stomp, Inc. v. NeatO, LLC,
  61 F.Supp.2d 1074 (C.D. Cal. 1999)........................................... 6,8

STX, Inc. v. Trik Stik, Inc.,
  708 F.Supp. 1551 (N.D. Cal. 1988) ............................................ 14

Sutter Home Winery, Inc. v. Madrona Vineyards, L.P.,
  2005 U.S. Dist. LEXIS 4581 (N.D. Cal. March 23, 2005) .......... 9,10

Tech Heads, Inc. v. Desktop Service Center, Inc.,
  105 F.Supp.2d 1142 (D. Or. 2000) ............................................. 6

World-Wide Volkswagen Corp. v. Woodson,
  444 U.S. 286 (1980)................................................................... 8

Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme,
  433 F.3d 1199 (9th Cir. 2006)..................................................... 5

Zippo Manufacturing Co. v. Zippo Dot Com Inc.,
  952 F.Supp. 1119 (W.D.Pa. 1997) ............................................. 15

iii

## Federal Statutes

28 U.S.C. §1391(b) ................................................................ 12

28 U.S.C. §1391(c) ................................................................ 12

28 U.S.C. §1404(a) ................................................................ 1

## State Statutes

Cal. Civ. Proc. § 410.10 ........................................................ 2

## Periodicals

*Los Angeles Lawyer* ............................................................ 7

MEMORANDUM IN OPPOSITION TO PETITION TO VACATE, AND IN SUPPORT OF PETITION TO CONFIRM, ARBITRATION AWARD
Case No. C 08 00721 JW

1    Plaintiff Advice Company ("Advice Co") submits this memorandum in opposition to the

2    motion of defendants James Novak and Attorney Yellow Pages.Com, LLC ("Defendants") to dismiss

3    this case or, in the alternative, to transfer the case to the District of Arizona pursuant to 28 U.S.C.

4    Section 1404(a) (hereinafter "Def.'s Mem.") For the reasons stated below, Defendants' motion

5    should be denied.

6    **I.    INTRODUCTION**

7    This case arises from Defendants' use and registration of the trademark

8    ATTORNEYYELLOWPAGES.COM ("Defendants' Mark") on legal information services offered in

9    this and other districts.

10    Advice Co., located in Sausalito, California, is a provider of legal information services to the

11    public and of directory, marketing, lead generation and client development services to lawyers.

12    Declaration of Brian Brown ("Brown Dec.") ¶¶ 2, 3.  Declaration of Gerry H. Goldsholle

13    ("Goldsholle Dec.") ¶ 3; Complaint ¶ 3.  It provides its services in this District and elsewhere.  *Id.*

14    Defendant Attorney Yellow Pages.com, LLC ("AYPC") offers online business directories

15    featuring attorneys (among other activities), and Defendant James E. Novak ("Novak") is the founder

16    and President of AYPC.  Declaration of James E. Novak ("Novak Decl.") ¶1.  Novak is one of only

17    two members of the company.  Declaration of E. Lynn Perry ("Perry Dec.") ¶ 3, Ex. 18.  Novak

18    obtained a trademark registration for ATTORNEYYELLOWPAGES.COM, Reg. No. 3243194;

19    however, he assigned the registration to Defendant AYPC, *nunc pro tunc* as of 2006, but only recorded

20    the assignment at the Trademark Office on April 17, 2008, a few days after the Complaint in this action

21    was filed.  *Id.* ¶ 4, Ex. 21.  Because of his position, the size of the company, and his activities on

22    behalf of the company, Novak is essentially AYPC's alter ego.

23    Plaintiff registered the domain name www.ATTORNEYPAGES.com over 10 and one-half

24    years ago, in December 1997, commenced use of the Mark ATTORNEYPAGES (the "Mark")

25    shortly thereafter, and filed an application to register the Mark in December 1998, which matured

26    into Reg. No. 2390588.  Goldsholle Dec. ¶¶ 3-5, Ex. 15.  Plaintiff learned about Defendants' use of a

27    confusingly similar mark on competing services when Plaintiff's second, 2006 application to register

28

- 1 -

1  the Mark was rejected based on Novak's 2007 registration for Defendants' Mark. *Id.* ¶ 6, Ex. 16. At

2  that time, Plaintiff learned that Defendants had a website ("Defendants' Website") accessed via the

3  confusingly similar domain name, www.ATTORNEYYELLOWPAGES.com ("Defendants' Domain

4  Name"). Goldsholle Dec. ¶ 6. Plaintiff then demanded that Defendants cease use of Defendants'

5  Mark and the infringing domain name. *Id.* ¶ 7, Ex. 17. Defendants refused to stop their infringing

6  use, and offered to sell their domain name to Plaintiff for an exorbitant amount. *Id.* ¶ 8. Plaintiff

7  filed a petition to cancel Novak's registration, and subsequently filed this lawsuit. *Id.* ¶¶ 9, 10.

8       Advice Co's Complaint asserts claims for trademark infringement, unfair competition and

9  cyberpiracy under the Lanham Act, California trademark infringement, unfair competition and injury

10  to business reputation, and common law unfair competition. Among other relief sought, the

11  Complaint seeks an injunction prohibiting further use of Defendants' Mark and Defendants' Domain

12  Name, cancellation of the registration for Defendants' Mark, damages, and attorneys' fees and costs.

13       As shown below, this Court has jurisdiction over Defendants because both Defendants, AYPC

14  and Novak, have purposefully directed their activities and consummated transactions with residents

15  of this forum. In addition, Defendants have purposefully availed themselves of the privileges of

16  conducting activities in this forum, Plaintiff's claims arise out of these activities, and the exercise of

17  jurisdiction is reasonable. This Court therefore has jurisdiction over both Defendants.

18       Moreover, venue is proper in this District because, under the applicable venue statute, AYPC

19  "resides" in this District, and a substantial part of the events or omissions giving rise to the claim

20  occurred here. Defendants must make a compelling showing to overcome Plaintiff's choice of

21  forum, and they have failed to do so. Any transfer of this case to the District of Arizona is not

22  justified under due process considerations, and it would merely shift any inconvenience from

23  Defendants to Plaintiff, a result prohibited by Ninth Circuit law.

24       For these reasons, Defendants' motion must be denied.

25  **II.    THIS COURT HAS PERSONAL JURISDICTION OVER BOTH DEFENDANTS**

26       California's long-arm statute, Cal. Civ. Proc. § 410.10, extends jurisdiction to the limits of

27  due process. *Gordy v. Daily News*, 95 F.3d 829, 831 (9th Cir. 1996). Thus, the issue is whether the

28

1   exercise of jurisdiction over Defendants by this Court would comport with due process.  In this

2   regard, and as Defendants note, the Ninth Circuit has established two bases for personal jurisdiction:

3   general jurisdiction, which permits the exercise of jurisdiction over all claims, whether or not related

4   to the defendant's contacts with the state, and specific jurisdiction, which exists when the defendant's

5   contacts with the forum give rise to the claims asserted by the plaintiff.  *Helicopteros Nacionales de*

6   *Colombia, S.A. v. Hall*, 466 U.S. 408, 414-16 (1984).

7       **A.    This Court Has General Jurisdiction.**

8       The exercise of general jurisdiction requires that the defendant's contacts with the forum be

9   so "continuous and systematic" as to approximate a physical presence in that district.  *Bancroft &*

10  *Masters, Inc. v. Augusta Nat'l, Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000).  Relevant to this issue is

11  whether the "defendant makes sales, solicits or engages in business in the state, [or] serves the state's

12  markets."  *Id.*  As shown below, Defendants do so through email activity, sales of advertising on

13  Defendants' Website, offers to publish advertising on its Website, and obtaining revenue by

14  Defendants' participation in California companies' advertising programs.

15      Defendants' activities in this State combine to constitute "continuous and systematic"

16  business contacts with the forum.  These activities include the following:  Defendants' Website

17  displays numerous listings of California lawyers and firms for the use of residents of this State;

18  Defendants' Website continuously solicits lawyers in California to pay to advertise on the site;

19  Defendants use "cookies" attached to the computers of California visitors, in order to be able to track

20  their preferences and to send them targeted advertisements; Defendants made hundreds of mailings to

21  California attorneys soliciting their advertising dollars; Defendants continuously participate in the

22  Google "AdSense" and Custom Search advertising programs for which Defendants are paid by

23  Google; Defendants have run full page advertisements in Los Angeles Lawyer magazine soliciting

24  advertisements from California lawyers; Defendants have partnerships with LegalZoom.com and

25  other California companies who have contracted with Defendants regarding advertisements on

26  Defendants' Website; and Novak solicited the sale of Defendants' Domain Name to Plaintiff.  Brown

27  Dec. ¶¶ 6-14; Goldsholle Dec. ¶¶ 8; and Declaration of Nicola A. Fraser ("Fraser Dec.") ¶¶ 3-11.

28

1         Furthermore, the case for specific jurisdiction is exceedingly strong.

2       **B.**    **This Court Has Specific Jurisdiction.**

3         To establish specific jurisdiction, three things must be shown: (1) defendant did some act or

4 consummated some transaction in the district by which it purposefully availed itself of the privilege

5 of conducting activities in the district; (2) plaintiff's claims arise out of that activity; and (3) the

6 exercise of jurisdiction is reasonable. *Data Disc, Inc. v. Systems Tech. Assoc., Inc.*, 557 F.2d 1280,

7 1287 (9th Cir. 1977); *Ballard v. Savage*, 65 F.3d 1495, 1498 (9th Cir. 1995).  Each of these

8 requirements is satisfied here.

9         Plaintiff concedes what Defendants point out (Def.'s Mem. at 5):  when a defendant moves to

10 dismiss for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating that the court

11 has jurisdiction over the defendant.  *Pebble Beach Co. v. Caddy,* 453 F.3d 1151, 1153 (9th Cir.

12 2006).  Nevertheless, Defendants omitted to quote the remainder of the Ninth's Circuit's statements

13 in this regard:

14               [T]his demonstration requires that the plaintiff "make only a
              prima facie showing of jurisdictional facts to withstand the motion

15               to dismiss." [Citation omitted.]  Moreover, for the purpose of this
              demonstration, the court resolves all disputed facts in favor of the

16               plaintiff....

17 *Id.,* 453 F.3d at 1153.

18         The policy reasons for requiring only a prima facie showing by Plaintiff are clear.  According

19 to the Supreme Court in *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 473-74, 105 S.Ct. 2174,

20 2182-83 (1985):

21               A State generally has a "manifest interest" in providing its
              residents with a convenient forum for redressing injuries inflicted

22               by out-of-state actors.  Moreover, where individuals "purposefully
              derive benefit" from their interstate activities, it may well be unfair

23               to allow them to escape having to account in other States for
              consequences that arise proximately from such activities; the Due

24               Process Clause may not readily be wielded as a territorial shield to
              avoid interstate obligations that have been voluntarily assumed.

25               And because "modern transportation and communications have
              made it much less burdensome for a party sued to defend himself

26               in a State where he engages in economic activity," it usually will
              not be unfair to subject him to the burdens of litigating in another

27               forum for disputes relating to such activity. [Citations omitted.]

28

1. **Defendants Have Purposefully Availed Themselves of the Privileges of Doing Business in This State.**

As the Ninth Circuit has stated, "[p]urposeful availment analysis examines whether the defendant's contacts with the forum are attributable to his own actions or are solely the actions of the plaintiff." *Sinatra v. National Enquirer, Inc.*, 854 F.2d 1191, 1195 (9th Cir. 1988). To establish purposeful availment, the plaintiff must show that defendant "'performed in some type of affirmative conduct which allows or promotes the transaction of business within the forum state.'" [Citation omitted.] *Harris Rutsky & Co. Ins. Servs., Inc. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1130 (9th Cir. 2003). This is to ensure that a nonresident defendant will not be haled into court based upon random, fortuitous or attenuated contacts with the forum state. *Burger King*, 471 U.S. at 474, 105 S.Ct. at 2183. As shown by Plaintiff's submissions, Defendants' contacts with California can hardly be said to be "random, fortuitous or attenuated."

The case law on purposeful availment has created a distinction between contract cases and tort cases. Violations of the Lanham Act and related State statutes are in the nature of tort cases. In tort cases, specific jurisdiction is established if the defendant engages in an act that has an effect in the forum, even if the act itself takes place outside the forum. *Roth v. Garcia Marquez*, 942 F.2d 617, 621 (9th Cir. 1991); *Harris Rutsky & Co., supra.* Under the so-called "*Calder* effects" test, the defendant must know that the harm from its intentional conduct in the forum is likely to be suffered in the forum. *Calder v. Jones*, 465 U.S. 783, 789 (1984).

2. **Defendants Expressly Aimed Their Activities to Compete with Plaintiff and to Confuse Plaintiff's Consumers Here.**

Under the "effects test," the defendant must have (1) committed an intentional act, which was (2) expressly aimed at the forum state, "'that (3) caus[ed] harm, the brunt of which is suffered -- and which the defendant knows is likely to be suffered -- in the forum state.'" *Panavision Int'l, L.P. v. Toeppen*, 141 F.3d 1316, 1321 (9th Cir. 1998) (quoting *Calder v. Jones*, 465 U.S. 783 (1984). "[I]t does not matter that even more harm might have been suffered in another state." *Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme,* 433 F.3d 1199, 1207 (9th Cir. 2006).

1    The court in *Bancroft & Masters, Inc. v. Augusta National, Inc.* found such individual

2    targeting in a dispute where the defendants wrote a letter to the plaintiffs that required them to sue or

3    lose their domain name.  223 F.3d 1082, 1088 (9th Cir. 2000).  In a trademark infringement case with

4    facts quite similar to those of the instant case, the court found express aiming where the defendant

5    was actively competing with the plaintiff by targeting forum state consumers with radio and print

6    media.  *Rio Properties, Inc. v. Rio Int'l Interlink,* 84 F.3d 1007, 1021 (9th Cir.2000).  In *Panavision,*

7    the defendant was found to be a "cybersquatter" who targeted holders of trademarked names by

8    registering their trademarks as internet domain names and then demanding money.  *Panavision,* 141

9    F.3d at 1322.  Defendant Novak has engaged in similar activity in this case.  Goldsholle Dec. ¶ 8.

10    Defendants' actions in this case are expressly aimed at the forum state.  The similarity of

11    Defendant's Mark and Domain Name, Defendants' monetary demand to relinquish Defendants'

12    Domain Name, Novak's claim of owning [name of state]attorneyyellowpages.com for all 50 States

13    including California, and Defendant's efforts to compete with Plaintiff for business through media in

14    California all combine to evidence express aiming.  Prior to the filing of this case, Plaintiff and

15    Novak (founder and President of Defendant AYPC) were involved in a cancellation proceeding

16    before the United States Patent and Trademark Office.  Defendants, accused of trademark

17    infringement, dilution and related claims, cannot deny that they were aware of the activities and

18    location of their direct competitor.  Defendants not only conducted business and committed

19    intentional torts in this District, they directed their infringement at a resident of this District, and their

20    conduct has had wrongful effects in this District.  Defendant Novak registered the infringing mark

21    ATTORNEYYELLOWPAGES.COM, and only recently assigned it to AYPC.  Perry Dec. ¶ 4.

22    Defendants' operation of a website on which customers can use Defendants' services in this

23    District also supports the exercise of jurisdiction in this District.  *See Stomp, Inc. v. NeatO, LLC* 61

24    F.Supp.2d 1074, 1078 (C.D. Cal. 1999) ("By advertising and offering its products for sale via the

25    internet, [defendant] has placed its products into the stream of commerce intending that they would

26    be purchased by consumers with access to the Web, including California citizens"); *Tech Heads, Inc.*

27    *v. Desktop Service Center, Inc.*, 105 F.Supp.2d 1142, 1151 (D. Or. 2000); *Carrot Bunch Co., Inc. v.*

28

1  *Computer Friends, Inc.*, 218 F.Supp.2d 820, 826 (N.D. Tex. 2002); *Litmer v. PDQUSA.com*, 326

2  F.Supp.2d 952, 957 (N.D. Ind. 2004).

3        Defendants claim that their website is "passive" and therefore immune from prosecution

4  outside Arizona, citing *Cybersell Inc. v. Cybersell Inc.*, 130 F.3d 414 (9th Circ. 1997). But unlike the

5  defendant in *Cybersell*, Defendants' Website is not passive. The site's most important service to

6  users is to provide them listings of legal services providers. Brown Dec. ¶¶ 12, 13. Defendants are

7  not compensated by users for this service; nevertheless, it is a service they provide under the

8  infringing mark ATTORNEYYELLOWPAGES. *Id.* Defendants are compensated by advertisers

9  when Defendants' users click on ads on Defendants' Website and order goods and services on

10  advertisers' websites. *Id.* This revenue model of giving away goods and services and earning

11  revenue through online ads is commonplace. *Id.*

12        Moreover, Defendants solicit business in this District on behalf of their lawyer customers

13  through Defendants' Website. Fraser Dec. ¶ 3-7. In fact, there are more California attorney listings

14  on Defendants' Website than there are Arizona attorney listings. *Id.* ¶¶ 7, 8. In addition, Defendants

15  apparently have advertising relationships with several other companies in this District from which

16  they earn income because of the traffic they encourage to their website. Fraser Dec. ¶¶ 10, 11;

17  Brown Dec. ¶¶ 8-12.

18        Defendants' Website functions far differently from the "passive" site at issue in Cybersell,

19  Inc. First, although no toll-free phone number is provided for users, an email address

20  (advertise@attorneyyellowpages.com) is listed for those interested in advertising on the site,

21  complete with an active "Buy Now" link. Brown Dec. ¶¶ 17, 18, Exs. 9 and 19. More importantly,

22  Defendants took affirmative steps to connect Defendants' Website to California. See, generally,

23  Fraser Dec. Defendants admit directing at least seven percent of their mailing solicitations to

24  California residents and placing advertisements for their site in *Los Angeles Lawyer* magazine.

25  Novak Dec. ¶ 8. Defendants have contracted with Google, a California company, to display

26  Google's "AdSense" and Custom Search online advertising. Brown Dec. ¶ 7. Defendants are

27  "partnered" with LegalZoom, a California legal information company. *Id.* Defendants also

28

1   apparently directly sold at least one ad on their site to a California lawyer named Brian D. Lerner.

2   Fraser Dec. ¶¶ 2-4.

3        Defendants assert that they "do not do business in California," and therefore have not

4   purposefully availed themselves of the privilege of doing business in this District.  Def.'s Mem. at 2.

5   They claim that their advertising is concentrated in Arizona "with some generalized advertising

6   nationwide and with negligible advertising within [California.]"  *Id.*  Essentially Defendants argue

7   that the facts that they provide their primary services to residents in California and are attempting to

8   solicit more business from California residents are irrelevant.  This is simply not the law.  Physical

9   presence in a district or soliciting advertisements there is not necessary to establish purposeful

10  availment.  *See World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297-98 (1980) (noting that

11  a "forum State does not exceed its powers under the Due Process Clause if it asserts personal

12  jurisdiction over a corporation that delivers its products into the stream of commerce with the

13  expectation that they will be purchased by consumers in the forum State"); *Ballard v. Savage*, 65

14  F.3d 1495, 1498 (9th Cir. 1995) ("It is not required that a defendant be physically present within, or

15  have physical contacts with, the forum, provided that his efforts 'are purposefully directed' toward

16  forum residents") (quoting *Burger King v. Rudzewicz*, 471 U.S. 462, 476 (1985)); *Stomp*, 61

17  F.Supp.2d at 1078 (purposeful availment prong met based upon website and sales in forum).

18       In ¶¶ 8, 9, 10, and 13 of his Declaration, Novak carefully constructs his assertions to imply

19  that AYPC does not do business in and earns no revenue from California sources; however, contrary

20  to the claims in Defendants' Memorandum of Law, the Novak Declaration does not actually state

21  this.  Compare Mem. p. 5, l. 7 and p. 12, ll. 18-19 with Novak Dec.¶ 7, 9, 13 ("AYPC generates

22  revenue <u>primarily</u> through agreements with attorneys;" "AYPC … has not received any revenue …

23  from any California <u>attorney or law firm</u>" v. "I do not receive any income <u>from California</u>.")

24  (Emphasis added.)  The Brown and Fraser Declarations refute the claims of no customers or sales

25  revenue in California, and Defendants appear to have contracts with a number of California

26  companies from which Defendants must derive revenue.  Also, Defendants have had at least one

27  California Attorney who paid for advertising on their Website.

28

MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION
TO DEFENDANTS' MOTION TO DISMISS OR TRANSFER
Case No. CV 08-1951 (JCS)

1    Defendants rely on *Pebble Beach, supra,* 453 F.3d 1151, for the proposition that the operation

2    of their website in this District is not sufficient for jurisdiction. In that case, however, unlike the

3    instant case, the defendant was a U.K. resident that operated a local U.K. inn and had no contact with

4    the forum other than a website advertising its U.K. inn. Unlike this case, in *Pebble Beach* there was

5    no evidence that defendant "ha[d] performed some act or consummated some transaction with the

6    forum or otherwise purposefully availed [itself] of the privileges of conducting activities in the

7    forum." *Id.* at 1155 (citations omitted). *See also Harris Rutsky,* 328 F.3d at 1130 ("The purposeful

8    availment requirement is met if the defendant 'performed some type of affirmative conduct which

9    allows or promotes the transaction of business within the forum state.'") (quoting *Sher v. Johnson,*

10    911 F.2d 1357, 1362 (9th Cir. 1990)). Furthermore, the defendant in *Pebble Beach* did not provide

11    its services in California, as contrasted with Defendants here.

12    Defendant Novak suggests that he as an individual should not be subject to this Court's

13    jurisdiction because "he does not do any business in California." Def.'s Mem. At 5. But Novak and

14    his wife are apparently the only members of Defendant LLC, so that if AYPC does business in this

15    District, by extension Novak does as well. Perry Dec. ¶¶ 2, 3, Ex. 18. Novak's general credibility

16    must be questioned given the misleading statement about his law school on his law firm website, and

17    his implied claim to four additional years' experience as an attorney. Brown Dec. ¶¶ 21, 22, Exs. 10,

18    and 20. One must also question the credibility of the statements that Novak has lived in Arizona for

19    23 years without having traveled to California and has "not had any time off in several years."

20    Novak Dec. ¶ 18. His claim of being the sole caretaker of an invalid wife who needs his care is

21    completely without support in the record.

22    **3.    Plaintiff's Claims Arise Out of Defendants Forum-Related Activities.**

23    It is beyond dispute that the effects of trademark violations occur in the forum where the

24    infringing goods or services are offered because that is where the confusion or injury to business

25    reputation occurs and where Plaintiff's business is harmed. *See Sutter Home Winery, Inc. v.*

26    *Madrona Vineyards, L.P.,* 2005 U.S. Dist. LEXIS 4581 at *13 n.2 (N.D. Cal. March 23, 2005) ("In a

27    trademark infringement action, 'the actionable wrong takes place both where infringing labels are

28

- 9 -

1  affixed to the goods and where confusion of purchasers is likely to occur'") (Citations omitted)

2  (Patel, J.); *Sidco Indus. Inc. v. Wimar Tahoe Corp.*, 768 F.Supp. 1343, 1346-47 (D. Or. 1991) ("The

3  cause of action for a trademark violation arises in the place where the confusion is likely to occur");

4  *Radical Prods., Inc. v. Sundays Distrib.*, 821 F.Supp. 648, 650 (W.D. Wash. 1992) (no products sold

5  in the forum but defendant mailed brochures with infringing trade dress to the forum); *Panavision,*

6  *supra,* 141 F.3d at 1321-22 (infringement of plaintiff's marks would create an injury which would be

7  felt mainly in plaintiff's territory).  Defendants' "conduct, as [they] knew it likely would, had the

8  effect of injuring [Plaintiff] in California where [Plaintiff] has its principal place of business...." *Id.*

9  This alone satisfies the purposeful availment requirement necessary for specific personal jurisdiction.

10  *Id.*

11  **4.    Personal Jurisdiction Here Is Reasonable Under All the Circumstances.**

12  Once purposeful availment is established, defendant may defeat jurisdiction only by

13  "present[ing] a compelling case that the presence of some other consideration would render

14  jurisdiction unreasonable." *Harris Rutsky*, 328 F.3d 1122, at 1132 (quoting *Burger King Corp. v.*

15  *Rudzewicz*, 471 U.S. 462, 477 (1985)).  Defendants have identified no such consideration (as opposed

16  to the claim that transfer would be more convenient for Novak given his personal and work

17  schedules).

18  For jurisdiction to be reasonable, it must comport with fair play and substantial justice.

19  *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476, 105 S. Ct. 2174 (1985).   At this stage in the

20  inquiry Defendants have the burden of demonstrating unreasonableness by putting on a "compelling

21  case." *Id.* at 476-77.  Defendant Novak's Declaration is far from compelling.  He does not disclose

22  number of customers or total revenue, nor the amount coming from California sources.  Particularly

23  omitted are the many contracts with website advertising companies, whose ads appear on Defendants

24  Website and from which they earn revenue.  Further, Defendants do not detail total advertising

25  spending and the amounts attributable to California, either specifically or on a share of market basis.

26  The reasonableness determination requires consideration of the following factors:  (1) the

27  extent of the defendant's purposeful interjection into the forum state; (2) the burden on the defendant

28

MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION
TO DEFENDANTS' MOTION TO DISMISS OR TRANSFER
Case No. CV 08-1951 (JCS)

1   in defending in the forum; (3) the extent of the conflict with the sovereignty of the defendant's state;

2   (4) the forum state's interest in adjudicating the dispute; (5) the most efficient judicial resolution of

3   the controversy; (6) the importance of the forum to the plaintiff's interest in convenient and effective

4   relief; and (7) the existence of an alternative forum. *Id.* No one factor is dispositive; a court must

5   balance all seven. *Panavision,* 141 F.3d at 1323.

6         As more fully explained above, Defendants' degree of purposeful interjection is substantial.

7   The additional burden for Defendants to defend in this jurisdiction rather than in Arizona is a small

8   part of the overall cost and effort.  Defendants have not made a compelling showing that there is

9   substantial extra effort and expense derived from defending in this District, or that such extra effort or

10   expense is unreasonable in the circumstances.

11         Moreover, this is not a complex case that will require multiple depositions, production of

12   thousands of documents and testimony by many witnesses.  The burden of traveling to California for

13   the occasional hearing or a short trial is not greater than the burden of serving a few days on jury

14   duty.

15         While a defendant's "burden in litigating in the forum is a factor in assessing reasonableness,

16   [ ] unless the 'inconvenience is so great as to constitute a deprivation of due process, it will not

17   overcome clear justifications for the exercise of jurisdiction'" (Citations omitted.)  *Panavision,* 141

18   F.3d at 1321.  This is particularly so in this era of fax machines and discount air travel.  *Id.*  After all,

19   Defendants are located only in the next state, and it is a relatively short distance to travel the few

20   times that travel will be necessary.

21         "California maintains a strong interest in providing an effective means of redress for its

22   residents tortiously injured by commercial misappropriation." *Sinatra v. National Enquirer, Inc.*, 854

23   F.2d 1191, 1200 (9th Cir. 1988).  Sovereignty concerns are not implicated because the analysis of

24   Plaintiff's federal and California state law claims is the same, and the federal analysis would be the

25   same in either California or Arizona. *Panavision*, 141 F.3d at 1321.  Prosecuting the case in this

26   forum is important to Plaintiff because this is where all of Plaintiff's evidence and witnesses are

27   located, and it would seriously inconvenience Plaintiff to litigate elsewhere under the circumstances.

28

1    Although some factors may weigh in Defendants' favor, Defendants failed to present a

2    compelling case that this Court's exercise of jurisdiction in California would be unreasonable. *See,*

3    *Id.* Defendants purposefully directed Defendants' Website's services to the residents of this State

4    with the presumed expectation that those services would be consumed within this State. Defendants

5    should not now be heard to object to being subject to this Court's justice. If one views the totality

6    and nature of Defendants' contacts with California, including the quantum of business done and

7    sought, and the actual and potential harm done to Plaintiff and its customers by Defendants'

8    trademark infringement and unfair competition, justice requires that California be confirmed as the

9    proper jurisdiction for this action.

10   **III.    VENUE IS PROPER IN THIS DISTRICT.**

11   Venue for this action, not founded solely on diversity of citizenship, is determined by 28

12   U.S.C. § 1391(b). This section provides that venue is proper where the defendant resides or where a

13   substantial part of the events or omissions giving rise to the claim occurred.

14   **A.    Defendant AYPC Resides in this District.**

15   Under Section 1391(c), a corporate defendant, such as AYPC, is deemed to reside in any

16   district of a state with more than one district where "its contacts would be sufficient to subject it to

17   personal jurisdiction if that district were a separate State." Thus, the issue for corporate residence

18   venue purposes is whether AYPC's contacts with the Northern District of California, treating the

19   district as if it were a state, are sufficient to subject AYPC to personal jurisdiction. As explained

20   above, this question is answered in the affirmative.

21   **B.    Events Giving Rise to Plaintiff's Claims Occurred in this District.**

22   With respect to Novak, because a substantial part of the events or omissions giving rise to

23   Plaintiff's trademark infringement and related claims occurred in this District, venue is proper. Thus,

24   venue is properly set in this District.

25   **C.    This Case Should Not be Transferred.**

26   Defendants assert that they have done nothing more than "negligible advertisements during a

27   brief period" in California. Deft. Mem. at 3. They add that they "do not have 'substantial' or

28

- 12 -

1   'systematic and continuous contact' with California" (*id.* at 4) and that their contacts with the State

2   are "limited and attenuated." *Id.* at 6. Defendants fail, however, to represent the true nature of

3   Defendants' Website on which Defendants market their services. In fact, aside from describing it as

4   a "passive" website, Defendants fail to mention the activities of the Website in any way.

5         Yet Defendants' Website holds itself out as a "national online directory" which serves all fifty

6   states, with "The Nation's Premier Online Attorney Directory" as its banner slogan. Brown Dec. ¶

7   17a, Ex. 7. The site's "About Us" page states that it serves all 50 states – including California. *Id.* ¶

8   17b, c, Ex. 8. The site displays ads for Marin County and East Bay attorneys. *Id.* In addressing

9   advertisers, Defendants' Website touts itself as "The Most Recognized Name in Legal Advertising"

10  and "the only local and national network for attorneys with this distinctive name." *Id.* ¶¶ 17d, 18, Ex.

11  9. Defendants' Website invites users to "Just send an E-Mail to:

12  Advertise@AttorneyYellowPages.com to join the most recognized and trusted name in legal

13  advertising." *Id.* In fact, Defendants' Website contains an active link allowing the user to buy a

14  banner ad on it. *Id.* ¶ 18, Ex. 19.

15        In other words, Defendants' Website is "interactive," because a visitor may exchange

16  information with Defendants through their Website and, indeed, make purchases through it. *See*

17  *Litmer v. PDQUSA.com*, 326 F.Supp.2d at 957) (an interactive website "allows the user to exchange

18  information with [the website] . . ."). Although Defendants failed to even mention this fact in their

19  motion and accompanying declaration, a sale of advertising can be consummated on Defendants'

20  Website. Brown Dec. ¶ 18, Ex. 9. Defendants also fail to mention that Defendants' Website

21  continues to actively solicit sales over the Internet. *Id.*

22        Ninth Circuit law is quite clear that transfer is improper where it would simply shift the

23  alleged inconvenience from one party to the other. The applicable statute, 28 U.S.C. Section 1404(a)

24  provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court

25  may transfer any civil action to any other district or division where it might have been brought." The

26  decision on a 1404(a) motion lies within the broad discretion of the district court. *See Jones v. GNC*

27  *Franchising, Inc.*, 21 1 F.3d 495, 498 (9th Cir. 2000). "[D]efendant bears a heavy burden of proof to

28

MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION
TO DEFENDANTS' MOTION TO DISMISS OR TRANSFER
Case No. CV 08-1951 (JCS)

justify the necessity of the transfer." *STX, Inc. v. Trik Stik, Inc.*, 708 F.Supp. 1551, 1555 (N.D. Cal. 1988).

When a plaintiff and defendant are in different states, there is no choice of forum that will avoid imposing inconvenience on one or the other, but the tie should be awarded to the plaintiff. *In re National Presto Indus., Inc.*, 347 F.3d 662, 665 (7th Cir. 2003). There is no clear showing in this case that Defendants will be more inconvenienced than Plaintiff. It would be a huge burden on Plaintiff if this case were transferred to Arizona. Advice Co is a relatively small company with fewer than 20 regular full time employees and equivalents, the majority of whom are in California, and none of whom are in Arizona. Goldsholle Dec. ¶ 11. In addition to Mr. Goldsholle's full-time role as CEO of Advice Co, he is also a practicing lawyer and involved in numerous other cases, many of which are extremely complex. *Id.* ¶ 12. In addition, he is Chairman and Publisher of Advice & Counsel Newsletter, and actively involved in preparing its monthly financial security advice newsletter which is distributed by several insurance companies to their clients. *Id.* He also has been very active in the State Bar of California's new Member Benefits initiatives, and he is the Chair of the Life Insurance Subcommittee of the Insurance Committee on Group Insurance Programs of the State Bar. *Id.* In addition, he regularly serves as a designated expert and/or consultant in insurance and annuity-related litigation for private parties, corporate clients, and governmental clients such as the Department of Justice, the Securities and Exchange Commission and the Internal Revenue Service. *Id.* He serves on the Board of Directors of the Marin Theatre Company, a 501(c)(3) professional theater, and he is the chair of its marketing Committee. Finally, apart from many other personal and family obligations, he is also in his thesis year at Stanford University as a candidate for a Masters in Liberal Arts. *Id.*

Defendant Novak's unsupported assertions of a heavy work schedule are entirely balanced if not outweighed by Plaintiff's CEO Gerry Goldsholle's assertions of a heavy work schedule and the inconvenience of a trial in Arizona.

MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION
TO DEFENDANTS' MOTION TO DISMISS OR TRANSFER
Case No. CV 08-1951 (JCS)

1      Defendant Novak stresses his responsibilities to a disabled wife as reason to change venue.

2 Plaintiff expresses its sincere sympathy with respect to Mr. Novak's personal difficulties; however, in

3 light of the heavy work schedule which Mr. Novak also stresses, it is apparent that Mr. Novak is

4 accustomed to making provisions for his absence from home on many occasions and for long hours.

5 Defendant Novak can well make similar arrangements to answer for harm that his business practices

6 have caused in California.

7      The business records of Plaintiff are far more numerous than those of Defendants, given that

8 Plaintiff has been operating for more than 10 years while AYPC has only been operating for 18

9 months. Considering that Plaintiff's website serves thousands of customers and has millions of

10 website visits per year, its evidence is more voluminous and therefore also its burden in producing its

11 evidence. Plaintiff will therefore be severely inconvenienced by a transfer of venue.

12      Defendants' reliance on *B&B Hardware, Inc. v. Hargis Industries, Inc.,* 2006 U.S. Dist.

13 LEXIS 96381, *10 (N.D. Cal. December 4, 2006) is misplaced. *B&B Hardware* itself points out that

14 "ordinarily the plaintiff's choice of forum is entitled to 'substantial weight.' [citation omitted]." *Id.* at

15 3. In that case, unlike here, the parties had litigated to judgment the same issues in another forum.

16 Moreover, evidence concerning "the design, development and production of an infringing *product*"

17 (emphasis added) are not at issue in this case. *Id.* at 4.

18      The instant case is more like that of *Zippo Manufacturing Co. v. Zippo Dot Com Inc.*, 952

19 F.Supp. 1119, 1124 (W.D.Pa. 1997). In that case, as here, the defendant "repeatedly and consciously

20 chose to process [residents'] applications [and] knew that the result of these contracts would be the

21 transmission of electronic messages into [the forum]."

22      Plaintiff's declarations and exhibits belie Defendants' claims that they do not have systematic

23 and continuous contact with California. Furthermore, Defendants have not made a sufficient showing

24 of hardship to outweigh Plaintiff's choice of forum.

25      It is clear that this case should not be transferred to Arizona.

26

27

28

- 15 -

MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION
TO DEFENDANTS' MOTION TO DISMISS OR TRANSFER
Case No. CV 08-1951 (JCS)

1

## IV.    CONCLUSION

2           This Court has personal jurisdiction over both Defendants and venue is proper is this District.

3   Defendants operate and maintain an interactive website accessible to residents of this District.

4   Alternatively, Defendants have not made the showing necessary to carry the heavy burden of

5   displacing Plaintiff's choice of forum and transfer to the District of Arizona would merely shift any

6   inconvenience from Defendants to Plaintiff.  Plaintiff respectfully submits that Defendants' motion

7   should therefore be denied.

8   Dated:  June 13, 2008                          Respectfully submitted,

9                                                  PERRY IP GROUP A LAW CORPORATION

10

11                                                 By: _____

12                                                       E. Lynn Perry

13                                                 Attorneys for Plaintiff
                                                   ADVICE COMPANY

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION
TO DEFENDANTS' MOTION TO DISMISS OR TRANSFER
Case No. CV 08-1951 (JCS)